JAMES FOSTER, Adm'r of the Estate of Patrice Foster, Deceased, Plaintiff-Appellee, v. RAO KANURI, Defendant-Appellant (Joseph Ptasinski *et al.*, Defendants).

First District (1st Division)   No. 1—91—0199

Opinion filed September 21, 1992.—Rehearing denied January 29, 1993.—Modified opinion filed February 8, 1993.

678

Cassiday, Schade & Gloor, of Chicago (Michael J. Morrissey, Timothy J. Ashe, and Lynn D. Dowd, of counsel), for appellant.

Judge & James, Ltd., of Park Ridge (Jay S. Judge and Kristine A. Karlin, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This appeal arises from a medical malpractice action asserting wrongful death claims on behalf of the surviving spouse and minor

child and a survival claim on behalf of decedent's estate for her pain and suffering. The jury returned a verdict of $2.925 million against the defendant. The trial court denied defendant's motion to set off the entire verdict against the pretrial settlement proceeds from other, dismissed defendants in the amount of $2.750 million, which would reduce the amount of the judgment to $175,000 owing to plaintiff. Instead, the trial court determined a setoff based upon a "per injury claim" and entered a judgment against defendant in the amount of $1,575,000.

The sole issue on appeal is whether defendant is entitled to set off the full pretrial settlement amounts paid to plaintiff by other, dismissed defendants against the jury's total verdict against him. We answer in the affirmative and reverse the judgment of the trial court. The facts relevant to the disposition of this appeal follow.

Decedent, Patrice Foster, died after undergoing a dilatation and curettage procedure (commonly known as a D & C procedure) at Humana Hospital. She was survived by her minor son, Daniel and husband, James Foster. James Foster commenced a medical malpractice action against multiple defendants: Joseph Ptasinski, Northwest Physicians for Women, S.C., Humana Hospital (none of which are parties to this appeal) and the defendant-appellant, Rao Kanuri, M.D. The second amended complaint sounds in wrongful death and survival theories.

In October 1989 Humana Hospital settled the claims against it for $750,000, and on October 19, 1989, the trial court entered a good-faith finding in the settlement. Plaintiff then filed a motion for distribution of the settlement proceeds. On October 27, 1989, the court ruled on the motion and approved the settlement. It determined that James and Daniel were decedent's surviving spouse and next of kin and that their percentages of dependency were 60% and 40%, respectively.

Subsequently, Ptasinski and Northwest Physicians settled the claims against them for $2 million. On June 1, 1990, the court approved that settlement, finding that it was reasonable and made in good faith. The trial court also entered an order finding James' percentage of dependency to be 60% and Daniel's to be 40%, thus awarding them $1,200,000 and $800,000, respectively.

The remaining defendant, Dr. Kanuri, did not settle with plaintiff but proceeded to trial. The jury returned a verdict in favor of plaintiff and against defendant in the amount of $2,925,000, to be distributed as follows: (1) $2,100,000 to Daniel for loss of society on the wrongful death claim; (2) $250,000 to James for loss of society on the wrongful

death claim; and (3) $575,000 to the estate on the predeath pain and suffering claim.

Defendant filed a post-trial motion requesting a setoff of the entire $2,750,000 in settlement proceeds against the total jury verdict, so that only $175,000 remained due and owing to plaintiff. The trial court rejected defendant's argument and granted plaintiff's cross-motion for a setoff. In accordance with the trial court's allocation, which took into consideration the prior determination of the percentages of dependency of the decedent's heirs, an order was entered against defendant requiring him to pay $1,575,000 to plaintiff.

We find that the express provisions and plain language of the Contribution Act (Ill. Rev. Stat. 1989, ch. 70, par. 302(c)) entitle defendant to have the settlement proceeds paid by the other defendants set off against the jury's verdict. The provisions of the Contribution Act, in relevant part, state:

> "Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.
>
> * * *
>
> (c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater." Ill. Rev. Stat. 1989, ch. 70, pars. 302(a), (c).

■ Under Illinois law, based upon his or her constitutional right to a remedy, a nonsettling defendant can claim as a setoff any amount which plaintiff may have recovered in an antecedent settlement with the settling defendant(s). *O'Connor v. Pinto Trucking Service, Inc.* (1986), 149 Ill. App. 3d 911, 501 N.E.2d 263.

■ In the present case, we agree with defendant's argument that the trial court erroneously interpreted the Contribution Act when it considered the prior allocations of the settlement proceeds to decedent's beneficiaries instead of authorizing a setoff of the entire settlement amount against the judgment. The general rule is that the trial court must set off the settlement funds received from other defend-

ants against the judgment, even if the judgment is thereby reduced to $0. *Nguyen v. Tilwalli* (1986), 144 Ill. App. 3d 968, 495 N.E.2d 630; see also *Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 546 N.E.2d 524.

■ Our supreme court has found that where a full setoff is denied, the plaintiff receives double recovery for the same injury, which is precluded under Illinois law. (*Wilson*, 131 Ill. 2d 308; *Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 209, 412 N.E.2d 518.) A plaintiff is only entitled to one recovery and only one satisfaction for claimed injuries pursuant to one cause of action, regardless of the number of theories advanced. (*Dial v. O'Fallon* (1980), 81 Ill. 2d 548, 558, 411 N.E.2d 217.) However, the problem here is the method of allocation.

■ The parties contend the case of *Johnson v. Belleville Radiologists, Ltd.* (1991), 221 Ill. App. 3d 100, 581 N.E.2d 750, deals with identical issues raised in this appeal. We disagree. The *Johnson* case involves malpractice and loss of consortium claims and individual plaintiffs who were apportioned particular amounts for their distinct, separate and respective claims. The instant case involves two claims under the wrongful death and survival statutes. The legislative intent of the Wrongful Death Act is that the claims brought are those of the individual beneficiaries. The claim under the survival statute is that of the deceased which arose during his life and survived his death. (*Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 673, 455 N.E.2d 200.) We believe that the method of allocating and computing damages and pretrial settlements against jury verdicts should not be mutually exclusive of the nature of the claim. To the contrary, the computation and distribution of the losses thereunder should be governed accordingly.

■ When reviewing a proposed settlement, the trial court should consider, in addition to the good-faith elements, the percentage of the settlement to be allocated with respect to the particular cause of action. When a lawsuit involves claims under both the survival and wrongful death statutes, the allocations should be made according to the claim. Expenses for conscious pain and suffering, expenses and loss of earnings of the decedent up to his or her date of death should be allocated to the survival action and the loss of benefits of the survivors should be allocated to the action for the wrongful death. (*Fountas*, 118 Ill. App. 3d at 673.) We believe that this allocation should be taken into consideration in the pretrial settlement, the jury verdict involving nonsettling defendants and the setoffs authorized under the Contribution Act. As explained in the *Johnson* case, courts must be

ever mindful to arrive at results which avoid a harsh and unequal application of the law in multiparty cases and disparity in apportionments among family member and nonfamily member plaintiffs.

■ We remand this matter to the trial court to reconsider the settlement agreements and the jury verdict in light of the wrongful death and survival claims involved. The court must then apportion the setoff of the jury verdict against the pretrial settlements in light of the method espoused in *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 429, 308 N.E.2d 583, 586, and reiterated in *Fountas.*

Accordingly, we reverse and remand the judgment of the circuit court of Cook County with respect to its finding on the issue of damages for entry of an order consistent with this opinion.

Reversed and remanded for further proceedings.

BUCKLEY and CAMPBELL, JJ., concur.