JAMES MAHER, Plaintiff-Appellee, v. CHICAGO PARK DISTRICT, Defendant-Appellant.

First District (3rd Division)   No. 1—93—2431

Opinion filed December 7, 1994.—Rehearing denied January 24, 1995.

Sandra M. Toro, of Chicago Park District, of Chicago, for appellant.

William J. Haddad and Kelly A. McGinnity, both of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Defendant, Chicago Park District, appeals from the circuit court of Cook County's denial of its motion to reduce an arbitration award against the park district by the amount of the prehearing settlement received by plaintiff, James Maher, from Earth, Inc., a codefendant. The park district argues on appeal that it was entitled to such a setoff under the Joint Tortfeasor Contribution Act (the Act) (740 ILCS 100/2(c) (West 1992)). We reverse.

Plaintiff's second amended complaint alleged the negligence of defendants Earth, Inc., Donald Geib, and D&K Trucking, Inc., and wilful and wanton conduct of the park district. The following were the relevant allegations. The park district hired Earth and D&K to repair baseball fields. Earth's and D&K's trucks drove on a wet baseball field and created tire depressions. On May 3, 1991, plaintiff sustained injuries as a result of stepping into one of the depressions while playing baseball.

Plaintiff signed a covenant not to sue Earth on June 24, 1992, and filed a petition for a finding that his settlement with Earth in the amount of $4,000 was in good faith. On July 28, 1992, the trial court gave leave to dismiss Earth.

Plaintiff filed a third amended complaint against Geib, D&K, and A. Brokers alleging negligence in connection with the repairs. Plaintiff again alleged the wilful and wanton conduct of the park district.

A hearing was held pursuant to the circuit court of Cook County's mandatory arbitration program on February 10, 1993. The arbitrators awarded $5,000 to plaintiff against the park district. The trial court entered judgment on the award on March 26, 1993.

On March 31, 1993, the park district filed with the trial court a motion to reduce the judgment amount. Defendant argued that it was entitled to a setoff in the amount of the settlement. The trial court denied the motion to reduce judgment, and the park district filed a timely appeal.

The park district primarily makes the following arguments on appeal. It was entitled to a setoff of $4,000 against the $5,000 judgment pursuant to the Act because the $4,000 was received in settlement from a joint tortfeasor. The Act did not require that a defendant file a contribution action against a codefendant in order to obtain a setoff in the amount of the codefendant's settlement. The park district did not want to reject the award. .

Plaintiff responded primarily as follows. The park district waived its right of setoff because it did not present the setoff claim to the arbitrators and because it failed to reject the award. The park district had no right of setoff from a negligent tortfeasor because the park district was guilty of wilful and wanton misconduct.

■ We first find that the failure of the park district to raise the issue of setoff before the arbitrators did not waive the issue. Although Supreme Court Rule 90(a) states that the arbitrators have the power to decide the law (145 Ill. 2d R. 90(a)), the committee comments to the rule state that ancillary issues must be resolved by the court (145 Ill. 2d R. 90(a), Committee Comments, at lxiv). Supreme Court Rule 90(a) states in part:

"The arbitrators shall have the power to administer oaths and affirmations to witnesses, to determine the admissibility of evidence and to decide the law and the facts of the case." (145 Ill. 2d R. 90(a).)

The committee comments to Supreme Court Rule 90(a) state:

"The authority and power of the arbitrators exist only in relation to the conduct of the hearing at the time it is held. Issues that may arise in the proceedings of the case prior, ancillary or subsequent to the hearing must be resolved by the court." 145 Ill. 2d. R 90(a), Committee Comments, at lxiv.

■ The statutory provision for setoffs must be examined in order to determine the right to relief that the tortfeasor park district is seeking. The applicable section of the Act states as follows:

"(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater." (740 ILCS 100/2(c) (West 1992).)

It would appear from the wording of the statute that a joint tortfeasor is entitled to reduce the amount of the recovery on any claim against it by the amount paid by another joint tortfeasor for a covenant not to sue.

■ The interpretation of that statute by the courts would seem to follow the wording contained therein. The court in the case of *Higginbottom v. Pillsbury Co.* (1992), 232 Ill. App. 3d 240, 246, 596 N.E.2d 843, stated that when the plaintiff's recovery is based on the same injury to person or property, a settlement between one tortfeasor and the plaintiff will result in an equal reduction in the amount of any judgment entered against a nonsettling tortfeasor. In the case of *Foster v. Kanuri* (1992), 241 Ill. App. 3d 677, 608 N.E.2d 8, pretrial settlements were reached with the defendant hospital and the defendant physicians group, and a jury verdict was obtained against the defendant physician. It was held that the trial court erred in rejecting the

defendant's motion for setoff of the entire settlement proceeds against the total jury verdict since the express provisions of the Act entitled the defendant to have the settlement paid by the settling defendants' setoff against the jury verdict. *Foster*, 241 Ill. App. 3d at 680.

We hold that a motion to reduce a judgment by a setoff amount is an ancillary issue that can be resolved by a court. We overturn that portion of *Estate of Hoard v. Patterson* (1993), 253 Ill. App. 3d 118, 625 N.E.2d 336, that indicates that a setoff claim must be pursued before the arbitrators.

We also find that the motion for setoff presented to the trial court was timely because a defendant's right to a setoff of plaintiff's settlement may be raised at any time. *Kipnis v. Meltzer* (1993), 253 Ill. App. 3d 67, 69, 625 N.E.2d 320.

■ The park district's failure to reject the arbitrators' award also did not waive the issue of setoff. Under Illinois Supreme Court Rule 93(a), a party may file within 30 days a notice of rejection of the arbitration award, pay a fee, and request to proceed to trial. (145 Ill. 2d R. 93(a).) The park district did not want a trial, and it did not seek to reject the award. The filing of a notice of rejection would have been inappropriate.

■ Nor did the park district waive the right to setoff by not filing a contribution counterclaim against the settling codefendant. In the case of *Johnson v. Belleville Radiologists, Ltd.* (1991), 221 Ill. App. 3d 100, 581 N.E.2d 70, the trial court had ruled that the defendants' failure to file a contribution claim constituted a waiver to a claim for setoff. The court reversed the trial court and stated:

> "The trial court was mistaken in its conclusion that the defendants' failure to file a contribution claim constituted a waiver of their position. The provision for a setoff contained in the Contribution Act is not the source of the defendants' right to a setoff; it is merely a codification of that right. Defendants were entitled to a setoff at common law. (*New York, Chicago & St. Louis R.R. Co. v. American Transit Lines, Inc.* (1951), 408 Ill. 336, 97 N.E.2d 264.)" (*Johnson*, 221 Ill. App. 3d at 106.)

The basis for setoff is a nonsettling defendant's constitutional right to a remedy. *Foster v. Kanuri* (1983), 241 Ill. App. 3d 677, 680, 608 N.E.2d 8.

Also, section 2(c) of the Act does not specifically limit setoff only to joint tortfeasors who seek contribution from one another. 740 ILCS 100/2(c) (West 1993).

The Act has been interpreted to prevent *intentional* tortfeasors from obtaining contribution. (*Gerill Corp. v. Jack L. Hargrove Builders, Inc.* (1989), 128 Ill. 2d 179, 206, 538 N.E.2d 530.) But the Act

should not be interpreted by analogy to prevent wilful and wanton tortfeasors, such as the park district, from exercising the separate right of setoff. The policy of the remedy is to prohibit plaintiffs from obtaining double recovery (*Schoonover v. International Harvester Co.* (1988), 171 Ill. App. 3d 882, 885, 525 N.E.2d 1041), and therefore a defendant's conduct should not preclude its right to setoff.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

TULLY, P.J., and RIZZI, J., concur.