HORTENCIA MURO, Indiv. and as Special Adm'r of the Estate of Margarito R. Muro, Deceased, Plaintiff-Appellant, v. ABEL FREIGHT LINES, INC., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—94—2338

Opinion filed August 26, 1996.

O'Callaghan & Associates, P.C., of Chicago (Joseph Michael O'Callaghan and Jennifer A. Schmidt, of counsel), for appellant.

Hinshaw & Culbertson, of Chicago (Peter A. Walsh and Richard M. Craig, of counsel), for appellee Abel Freight Lines, Inc.

JUSTICE BRADEN delivered the opinion of the court:

On September 25, 1991, plaintiff, Hortencia Muro, filed a nine-count action in the circuit court of Cook County against defendants, Abel Freight Lines, Inc., Fruehauf Trailer Corporation and Ottawa Truck Corp., resulting from the death of her husband, Margarito Muro. Counts I through III were survival claims. Counts IV through VI were brought pursuant to the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1994)). Counts VII through IX were brought pursuant to the family expense law (750 ILCS 65/15 (West 1994)). Defendant Ottawa Truck Corp. (Ottawa) and plaintiff entered into a settlement agreement in the amount of $75,000. The parties did not

include anything with respect to allocation of the proceeds among plaintiff's theories of recovery.

At the settlement hearing on June 7, 1994, defendant Abel Freight Lines, Inc. (Abel), objected to the settlement and asked the trial court to apportion the settlement among plaintiff's causes of action. The trial court entered an order finding the settlement to be fair, reasonable, and in good faith. The trial court, however, told counsel for Abel to provide it with case law on apportionment. The case was continued until June 16, 1994, affording Abel the opportunity to present the requested case law. On June 16, the trial court, over plaintiff's objection, apportioned 85% of the settlement proceeds to the wrongful death claim and 15% to the survival action. This division of proceeds was proposed by Abel. There was no allocation pertaining to the family expense law claim.

On appeal, plaintiff contends that (1) the trial court abused its discretion in separating the good-faith finding from the apportionment issue; (2) the trial court improperly adopted Abel's settlement allocation without holding an evidentiary hearing; and (3) the right to allocate settlement proceeds should be reserved to the settling parties.

We reverse and remand with directions.

On September 9, 1989, Abel delivered a semi-trailer to Dart Container Corporation (Dart). Several Dart employees noticed that the brakes on the trailer were defective and informed Abel of this problem. Abel removed the trailer from Dart with the intention of repairing the brakes. After the brakes were fixed, Abel returned the trailer to Dart.

On September 26, 1989, Margarito Muro, a "spotter" employed by Dart, was moving the trailer with a yard tractor owned by Ottawa. When Muro got off the tractor, he walked behind the trailer and stood with his back to the trailer. While Muro stood, the brakes of the trailer failed and the tractor-trailer combination rolled backwards, pinning him between the trailer and the loading dock. Muro suffered fatal injuries.

On September 25, 1991, plaintiff filed a nine-count complaint against several defendants, including Abel and Ottawa. Ottawa agreed to settle with plaintiff for $75,000. The trial court found this settlement to be fair, reasonable, and in good faith. After the trial court made its findings, Abel requested an allocation of the settlement proceeds among plaintiff's claims. The trial court directed Abel to provide authority for the allocation and set a hearing for June 16, 1994. The trial court then entered an order reflecting the terms of the settlement in which there was no allocation.

At the hearing on June 16, plaintiff objected to any allocation, arguing that she and Ottawa did not intend to include apportionment in their settlement and it was inappropriate for the trial court to alter the settlement's terms after a good-faith finding was entered. Alternatively, it was plaintiff's position that if the trial court insisted on allocating the proceeds, 85% should go to the survival claim and 15% should go to the wrongful death claim. Abel argued that 85% of the proceeds should go to the wrongful death claim and 15% should go to the survival claim. The trial court agreed with Abel and entered an order apportioning the money in accordance with Abel's suggestion.

■ A defendant was entitled to a setoff at common law. *New York, Chicago, & St. Louis R.R. Co. v. American Transit Lines, Inc.*, 408 Ill. 336, 97 N.E.2d 264 (1951). This right was codified by the Contribution Act (Ill. Rev. Stat. 1991, ch. 70, par. 302(c)), which permits a nonsettling defendant to set off any amount that the plaintiff recovers from a settling defendant. A defendant seeking a setoff bears the burden of establishing the exact amount of the settlement the plaintiff received. *Houser v. Witt*, 111 Ill. App. 3d 123, 443 N.E.2d 725 (1982). If a defendant is unable to establish the amount allocated to a plaintiff's individual theories of recovery, he will not receive a setoff. *Dolan v. Gawlicki*, 256 Ill. App. 3d 153, 628 N.E.2d 1188 (1994); *Barkei v. Delnor Hospital*, 207 Ill. App. 3d 255, 565 N.E.2d 708 (1990).

■ On June 7, 1994, without conducting an evidentiary hearing, the trial court entered an order finding that the settlement between Ottawa and plaintiff was fair, reasonable, and in good faith. This finding was premature and consequently erroneous. Findings of good faith should not be entered absent an evidentiary hearing conducted to evaluate both the settlement and the method of apportionment. This hearing enables the trial court to determine how, when and under what circumstances the settlement was accomplished. "What type of evidentiary hearing should be conducted to produce the facts necessary to determine whether a settlement was made in 'good faith' is committed to the discretion of the trial court." *Lewis v. Illinois Central R.R. Co.*, 234 Ill. App. 3d 669, 682, 600 N.E.2d 504, 513 (1992). Similarly, the determination of the fairness and reasonableness of the apportionment proceeds is within the trial court's discretion. *Blagg v. F.W.D. Corp.*, 265 Ill. App. 3d 14, 637 N.E.2d 1233 (1994).

Abel urges this court to permit its participation in the allocation negotiations between plaintiff and Ottawa. Abel, however, has failed to furnish us with authority supporting such active involvement by a nonsettling party in the settlements of others. Allowing nonparties

to a settlement to further their interests by dictating the settlement's terms effectively grants these parties veto power over any decision adverse to them. Settlements are encouraged as a matter of public policy and endorsing Abel's proposition would not advance this end. In fact, this goal would undoubtedly be thwarted were parties unable to exclusively formulate determinations with regard to their agreements.

■ A plaintiff who enters into a settlement with a defendant gains a position of control and acquires leverage in relation to a nonsettling defendant. This posture is reflected in the plaintiff's ability to apportion the settlement proceeds in the manner most advantageous to it. Settlements are not designed to benefit nonsettling third parties. They are instead created by the settling parties in the interests of these parties. If the position of a nonsettling defendant is worsened by the terms of a settlement, this is the consequence of a refusal to settle.

Theoretically, a decision not to settle is predicated on the belief that a better result at trial will most probably be achieved. This is the risk shouldered by a nonsettling defendant. Such a defendant is not entitled to manipulate its liability with regard to a jury verdict by dictating the method by which settlement proceeds will be allocated. A defendant who fails to bargain is not rewarded with the privilege of fashioning and ultimately extracting a benefit from the decisions of those who do.

■ We accordingly remand this matter for an evidentiary hearing on the allocation of the settlement proceeds. At this hearing, the trial court should evaluate the fairness and reasonableness of the allocation in view of the wrongful death and survival claims involved. In addition to the preceding good-faith elements, this court has developed considerations that the trial court should contemplate when reviewing a proposed settlement and allocation in the context of wrongful death and survival claims. Expenses for loss of earnings and conscious pain and suffering of the decedent until his death should be apportioned to the survival action and the loss of benefits to the survivors should be apportioned to the wrongful death claim. *Foster v. Kanuri*, 241 Ill. App. 3d 677, 608 N.E.2d 8 (1993). The computation and distribution of losses suffered among these causes of action should thus relate to the nature of each action.

For the aforementioned reasons, the judgment of the circuit court

of Cook County is reversed and this cause is remanded for an evidentiary hearing on the apportionment of the settlement proceeds.

Reversed and remanded with directions.

CAMPBELL, P.J., and BUCKLEY, J., concur.