February 1, 1999

No. 2--98--0107

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

MARY READEL, Indiv. and     ) Appeal from the Circuit Court

as Independent Ex'r of        ) of Winnebago County.

the Estate of Donna Lorke,      )

Deceased,                       )

                                )

Plaintiff-Appellee,        )

                                )

v.                           ) No.  95--L--245

                                )

W.S. TOWNE and ROCKFORD         )

ANESTHESIOLOGISTS ASSOCIATED,   )

                                )

Defendants-Appellants,     )

                                )                         

                                )

(OSF Healthcare System, d/b/a   ) Honorable

St. Anthony Hospital,  ) Ronald L. Pirrello,

Defendant-Appellee).            ) Judge, Presiding.

_________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

The plaintiff, Mary Readel, filed this medical malpractice action against the defendants, William S. Towne, M.D.; Rockford Anesthesiologists Associated (Rockford); and OSF Healthcare System, d/b/a St. Anthony Hospital (the Hospital), asserting claims pursuant to the Wrongful Death Act (740 ILCS 180/0.01 
et
 
seq
. (West 1996)) and the Survival Act (755 ILCS 5/27--6 (West 1996)) in connection with the injury and death of her mother, Donna Lorke (Donna).  The plaintiff and the defendant Hospital entered into a pretrial settlement agreement for $750,000.  The settlement allocated the proceeds as follows: $650,000 for the survival claim; $80,000 for the wrongful death claim; and $20,000 for a claim brought pursuant to the family expense statute (750 ILCS 65/15 (West 1996)).  The Hospital filed a motion for a good-

faith finding by the trial court approving the settlement.  Rockford objected to the settlement on the basis that it contained a disproportionate allocation between the survival and wrongful death claims and requested that the trial court reallocate the settlement.  The trial court denied Rockford's request and found that the settlement was entered into in good faith.  Rockford appeals from that ruling.

The record reveals that on April 3, 1995, Donna was admitted to the Hospital suffering from shortness of breath and dyspnea.  At the time, she was 66 years old and the plaintiff was her only next of kin.  Dr. Towne, an anesthesiologist and employee of defendant Rockford, suspected that Donna had suffered a heart attack.  He ordered that she undergo a blood-oxygen test on April 6, 1995, that required intubation.  Respiratory therapists employed by the Hospital set up a CPAP, a valve that is placed in the system of tubes between a ventilator machine and the patient to regulate air pressure.

Once connected, the valve forced a massive and unregulated flow of air pressure into Donna's lungs, causing sudden and severe damage to Donna's body.  Donna suffered an immediate cardiac arrest.  Thereafter, she remained comatose and unresponsive.  She suffered three additional cardiac arrests before she died about 26 hours after the CPAP valve was set up.  

The plaintiff's complaint alleged that Dr. Towne and the Hospital improperly connected the ventilator system with the CPAP and were negligent in failing to inspect the system and disconnect it.  The plaintiff testified in her discovery deposition that she and her mother had had a very close and loving relationship.  They lived in the same small town and were in daily contact.  Donna had frequently babysat for the plaintiff's children.  Donna also had helped the plaintiff financially and had paid for the plaintiff's family to take several vacations.

The plaintiff made a settlement demand on all the defendants, seeking $1,500,000 to settle the wrongful death claim and $1,000,000 to settle the survival claim.  Thereafter, the Hospital agreed to settle with the plaintiff.  Defendants Rockford and Dr. Towne did not make an offer to settle with the plaintiff.  The Hospital filed a motion for a good-faith finding of the settlement and attached a copy of the settlement agreement to the motion.  The settlement provided the following:

"[F]or and in consideration of the sum of Seven Hundred Fifty Thousand Dollars ($750,000) *** I, [the plaintiff], settle and compromise any and all claims against [the Hospital].

***

I, [the plaintiff], *** intend to allocate the settlement proceeds contained herein in the following fashion.  Plaintiff allocates Six Hundred Fifty Thousand Dollars ($650,000) of the settlement proceeds to the Survival Act Claim *** Eighty Thousand Dollars ($80,000) of the settlement proceeds herein to the Wrongful Death Claim and Twenty Thousand Dollars ($20,000) of the settlement proceeds to the Family Expense Act Claim."

Rockford and Dr. Towne, the nonsettling defendants, filed a motion objecting to the allocation of the settlement and requesting the following:  that the court permit discovery and an opportunity to call witnesses at an evidentiary hearing to determine the "good faith" of the settlement and the proper allocation; that the court find that the settlement was not a fair and reasonable allocation and/or that it was not made in good faith; and that the court reallocate the settlement.  Following consideration of the parties' briefs on the issue, the case law, and the arguments of the respective counsels presented at a hearing, the trial court issued a written memorandum of decision stating the following:

"I have considered first whether or not it is the proper action for the Court to review, at this stage of the litigation, the agreement between Plaintiff and [the Hospital].  In the cases cited by Defendant, I note that the 
Pritchard
 case states that whether an agreement is in good faith is left largely to the discretion of the Court and that there is a presumption of validity to the agreement once the settling parties so represent to the Court. *** I do not feel that it is necessary for the trial court to involve itself in the good faith agreement absent a showing by Defendant that there was collusion or other active bad faith.  Indeed, the case law suggests to me that the trial court should absent itself from settlement agreements of the parties at this stage of the litigation unless it is shown by clear and convincing evidence that such bad faith exists.  I will find that that is not the case and grant [the Hospital's] motion for a good faith finding."

On appeal, Rockford contends that (1) the settlement proceeds allocation awarding almost 90% of the settlement to the survival claim demonstrated that the settlement was not in good faith and should not have been approved by the trial court; (2) the trial court erred in failing to exercise its discretion to determine the fairness and reasonableness of the allocation; and (3) the trial court erred in failing to hold an evidentiary hearing on the issue of the good faith of the settlement.

Section 2(c) of the Joint Tortfeasor Contribution Act provides:

"When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater."  740 ILCS 100/2(c) (West 1996).

While Illinois public policy favors the peaceful and voluntary resolution of disputes through settlement agreements (
Johnson v. Belleville Radiologists, Ltd.
, 221 Ill. App. 3d 100, 103 (1991)), it also favors protecting a nonsettling party's financial interest (
Patton v. Carbondale Clinic, S.C.
, 161 Ill. 2d 357, 370 (1994)).  Where a full setoff is denied, the plaintiff receives double recovery for the same injury, which is precluded under Illinois law.  See 
Wilson v. Hoffman Group, Inc.
, 131 Ill. 2d 308, 321-22 (1989).  A plaintiff is only entitled to one recovery and only one satisfaction for claimed injuries pursuant to one cause of action, regardless of the number of theories advanced.  
Dial v. City of O'Fallon
, 81 Ill. 2d 548, 558 (1980).

Once the settling parties represent to the court that they have reached a good-faith settlement and its terms are made known to the court, a presumption of validity arises, and the burden of proof on the issue of good faith shifts to the party challenging the good-faith nature of the settlement.  
Pritchard v. SwedishAmerican Hospital
, 199 Ill. App. 3d 990, 996-97 (1990).  In determining whether a settlement agreement was made in good faith, the trial court should not consider any one factor but must consider the totality of the circumstances surrounding the settlement.  
In re Guardianship of Babb
, 162 Ill. 2d 153, 162 (1994).  The manipulation of an allocation can be evidence of bad faith in a settlement negotiation, but it is not 
per
 
se
 bad faith to engage in such manipulation.  
Belleville Radiologists
, 221 Ill. App. 3d at 109.  Absent an abuse of discretion, a reviewing court will not reverse a trial court's finding that a settlement was made in good faith.  
Babb
, 162 Ill. 2d at 162.

" 'When reviewing a proposed settlement, the trial court should consider, 
in addition to the good-faith elements
, the percentage of the settlement to be allocated with respect to the particular cause of action.' " (Emphasis added.) 
Carbondale Clinic
, 161 Ill. 2d at 371 (1994), quoting 
Foster v. Kanuri
, 241 Ill. App. 3d 677, 681 (1992).  When a lawsuit involves claims under both the survival and wrongful death statutes, the allocations should be made according to the claim.  
Foster
, 241 Ill. App. 3d at 681.  The trial court should evaluate the fairness and reasonableness of the allocation in view of the survival and wrongful death claims involved.  
Muro v. Abel Freight Lines, Inc.
, 283 Ill. App. 3d 416, 420 (1996).  Expenses for loss of earnings and conscious pain and suffering of the decedent until his death should be allocated to the survival action, and the loss of benefits of the survivors should be allocated to the action for wrongful death.  
Muro
, 283 Ill. App. 3d at 420; 
Foster
, 241 Ill. App. 3d at 681.  The determination of the fairness and reasonableness of apportionment of the settlement proceeds is within the sound discretion of the trial court.  
Muro
, 283 Ill. App. 3d at 419.  However, a good-faith finding should not normally be entered prior to conducting a hearing to evaluate both the settlement and the apportionment of the settlement between survival and wrongful death claims.  
Muro
, 283 Ill. App. 3d at 419.

Applying the above-mentioned principles, we find that the trial court erred in failing to exercise its discretion to determine the fairness and reasonableness of the allocation of the settlement proceeds.  It is clear from the trial court's comments in its memorandum of decision that it did not fully recognize its duty to examine, in addition to the good-faith nature of the settlement, the fairness and reasonableness of the percentage to be allocated to each claim.  As the above-cited authority indicates, the allocation of the settlement was a separate question from the good-faith nature of the settlement.  The trial court was required to examine the settlement in light of all the surrounding circumstances of the case to determine whether it was reasonably and fairly allocated and, if it was not, to reapportion it accordingly.

The plaintiff is mistaken that an essential term of the settlement was the allocation contained therein with subsequent approval of it by the trial court.  The settlement merely provides that the plaintiff agreed to settle with the Hospital for $750,000 and that she "intended" to allocate the proceeds as stated.  The agreement does not purport to be contingent upon the approval of the allocation.

The cases relied upon by the plaintiff for the proposition that the trial court should not involve itself in the allocation do not support her position.  In the cases she cites, the trial courts either did exercise their discretion to examine the allocation or the causes were remanded to allow them to do so.

For example, in 
Johnson
, the husband and wife plaintiffs brought a medical malpractice and loss of consortium claim.  
Johnson
, 221 Ill. App. 3d at 102.  Two of the four defendants settled with the plaintiffs for a total of $340,000.  
Johnson
, 221 Ill. App. 3d at 102.  The plaintiffs' attorney apportioned $40,000 of the settlement for the wife's medical malpractice claim and $300,000 for the husband's loss of consortium claim.  
Johnson
, 221 Ill. App. 3d at 102.  After a jury subsequently returned a verdict of $529,000 for the wife and $50,000 for the husband, the nonsettling defendants challenged the settlement as being ill-apportioned.  
Johnson
, 221 Ill. App. 3d at 106-07.  The 
Johnson
 case was decided before 
Patton
 and 
Foster
, and the court did not recognize that, in addition to the good-faith element of the settlement, it was to consider the fairness and reasonableness of the allocation.  However, in its good-faith analysis, it noted a variety of factors that need to be taken into consideration in the settlement of a case.  
Johnson
, 221 Ill. App. 3d at 107-08.  Finally, it confirmed the trial court's role in exercising its discretion.  
Johnson
, 221 Ill. App. 3d at 111-12.  

Thus, 
Johnson
 supports the notion that the trial court should involve itself in the amount of the settlement by exercising its discretion.  Additionally, we note that 
Foster
 distinguished 
Johnson
 on the basis that 
Johnson
 involved malpractice and loss of consortium claims and individual plaintiffs who were apportioned particular amounts for their distinct, separate, and respective claims as opposed to two claims under the wrongful death and survival statutes.  
Foster
, 241 Ill. App. 3d at 681.

In 
Pritchard
, two settling defendants, Dr. Runstrom and Dr. Schafer, had the same insurance company.  In the nonsettling defendants' view, the settlement did not " 'fairly and reasonably allocate' the settlement between Dr. Runstrom's [insolvent] estate and the highly culpable Dr. Schafer."  
Pritchard
, 199 Ill. App. 3d at 999.  Like 
Johnson
, 
Pritchard
 was decided before 
Patton
 and 
Foster
.  In determining that the trial court properly exercised its discretion in entering a good-faith finding, the court noted that recovery against Dr. Schafer was questionable because of the potential difficulty in proving the proximate cause issue and that, because of the condition of Dr. Runstrom's estate, his liability was limited to the amount of the insurance policy.  
Pritchard
, 199 Ill. App. 3d at 1000.  The court noted that these were permissible circumstances to consider in reviewing the totality of the circumstances surrounding the settlement.  
Pritchard
, 199 Ill. App. 3d at 999-1000.

The plaintiff also relies
 
on 
Muro
.  However, we find that 
Muro
  actually supports the defendants' position.  There, the court held that "[f]indings of good faith should not be entered absent an evidentiary hearing conducted to evaluate both the settlement 
and the method of apportionment
."  (Emphasis added.)  
Muro
, 283 Ill. App. 3d at 419.  Accordingly, the court in that case remanded the cause to allow the trial court to "evaluate the fairness and reasonableness of the allocation in view of the wrongful death and survival claims involved."  
Muro
, 283 Ill. App. 3d at 420.

Lastly, we find no merit to the defendants' claim that they were entitled to an "evidentiary" hearing where they would be able to call the plaintiff as a witness.  The type of hearing that should be conducted to produce the facts necessary to determine whether a settlement was made in good faith is committed to the discretion of the trial court.  
Lewis v. Illinois Central R.R. Co.
, 234 Ill. App. 3d 669, 682 (1992).  In the present case, the trial court considered the arguments of counsel along with the affidavits, depositions, and medical records on file.  The record did contain the plaintiff's deposition testimony.  Under the circumstances, we find no abuse of discretion in the type of hearing conducted by the trial court.

In conclusion, we find that the trial court erred in failing to consider the fairness and reasonableness of the allocation.  Accordingly, we remand the cause for a new hearing on the appropriate allocation.  In so doing, we find that the portion of the trial court's judgment finding the settlement to be in good faith was not an abuse of discretion.  Therefore, we remand the cause for the trial court to determine whether the apportionment "intended" by the plaintiff was fair and reasonable and, if not, to enter an order allocating the settlement appropriately.

The judgment of the circuit court of Winnebago County is affirmed in part and reversed in part; the cause is remanded for a hearing on the appropriate allocation.

Affirmed in part and reversed in part; cause remanded with directions.

BOWMAN, P.J., and HUTCHINSON, J., concur.