RICHARD C. CLAY, Plaintiff, v. PEPPER CONSTRUCTION COMPANY *et al.*, Defendants-Appellants (Lake County Glass Company, Inc., Defendant; Division Eight, Inc., Defendant-Appellee).

First District (5th Division)   Nos. 1—89—3208, 1—89—3226 cons.

Opinion filed November 2, 1990.

Kiesler & Berman, of Chicago (Stephen B. Frew and Peter R. Mennella, of counsel), for appellant Hans Rosenow Roofing Co., Inc.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, James K. Horstman, Joseph M. Vallowe, and Lloyd E. Williams, Jr., of counsel), for appellee Division Eight, Inc.

JUSTICE MURRAY delivered the opinion of the court:

Various defendants appeal from a trial court's order in a one-count Structural Work Act case. (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69.) The appealing parties are defendants Hans Rosenow Roofing Co., Inc. (Rosenow), Pepper Construction Company (Pepper), and Lake Specialties, Inc. (Lake Specialties). The fourth defendant, Division Eight, Inc. (Division Eight), did not appeal and defends on appeal. The fifth defendant, Lake County Glass Co., Inc., and the plaintiff, Richard C. Clay (Clay), do not appeal and have not appeared in this appeal.

For the following reasons we affirm the decision of the trial court.

The plaintiff, Clay, a glazier, filed a complaint in the trial court asserting that he was injured when he allegedly fell from a ladder during the construction of a building in River Woods, Illinois. He named as defendants Pepper, a general contractor, Rosenow, a roofing contractor, Lake Specialties, who had contracted with Pepper to furnish all necessary labor, materials, equipment and supplies, and Division Eight. Division Eight filed a motion for summary judgment alleging by affidavit that it was not in charge of the work as required by the terms of the Illinois Structural Work Act. (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69.) A nonemployer, to be responsible for the injuries of a worker caused during construction, must be in charge of the work the employee was doing at the time of the injury. However, being in charge under the Illinois Structural Work Act often has nothing to do with the real world of construction.

Division Eight filed a motion for summary judgment contending that it was only a supplier of material on the job and not in charge

of the work being performed by Clay at the time of his injuries. Division Eight's motion was supported by the affidavit of its then president. The motion was directed only at Clay's complaint. Although all parties were served with Division Eight's notice of motion, motion and memorandum in support of its motion, Division Eight and Clay were the only parties to appear at the hearing. After determining the essence of the motion, the trial court and the plaintiff's (Clay's) attorney engaged in the following exchange:

"THE COURT: Do you want time to respond?

MR. LADLE: No, Judge, what I want is, I believe from everything they tell us and from everything we know thus far, they may be correct. I'm saying that their motion should probably be granted, but I'm asking that they not get the 304(a) language."

On May 16, 1989, the trial court granted Division Eight's motion for summary judgment and dismissed Clay's complaint as to Division Eight. Over the objection of plaintiff's counsel, the trial court made the order final and appealable pursuant to Rule 304(a) (Ill. Rev. Stat. 1989, ch. 110A, par. 304(a)). On the afternoon of that same day, Clay's deposition was taken. Facts developed in the deposition indicated that the question of whether Division Eight was in charge of the work as required by the Illinois Structural Work Act may have been a question of fact and not subject to a motion for summary judgment.

Based on Clay's deposition testimony Clay, Rosenow, Pepper and Lake Specialties moved to reconsider and vacate the trial court's order granting summary judgment. On June 1, 1989, Rosenow moved to reconsider and vacate the May 16, 1989, order and for leave to file a counterclaim against Division Eight. Pepper joined Rosenow in the motion. Lake Specialties filed its own motion to reconsider. Clay also filed a motion to reconsider the order in light of this deposition.

On August 1, 1989, the trial court found that the various codefendants had standing to contest Division Eight's motion for summary judgment and denied all motions to reconsider. It was further ordered that a motion by Rosenow for leave to file a counterclaim was amended on its face to seek leave to file a third-party action against Division Eight. Rosenow's motion was continued to September 11, 1989. The August 1, 1989, order also vacated language in the May 16, 1989, order that would have made final and appealable that order setting the time clock for appeal as of October 27, 1989. (Ill. Rev. Stat. 1989, ch. 110A, par. 304(a).) Rosenow moved for a rehearing on its previous motion to vacate the order of May 16,

1989. Lake Specialties and Pepper joined in that motion. On September 11, 1989, the trial court denied Rosenow's motion for rehearing but continued the motion for leave to file a third-party complaint against Division Eight until October 27, 1989.

On October 27, 1989, the trial court denied all motions for leave to file third-party complaints against Division Eight and reinstated the Rule 304(a) language that made the initial May 16, 1989, order, an otherwise nonfinal order, a final and appealable order. (Ill. Rev. Stat. 1989, ch. 110A, par. 304(a).) On November 22, 1989, Rosenow filed its notice of appeal. Pepper and Lake Specialties also filed their notices of appeal.

The appeals have been consolidated. Clay, the plaintiff, has not appeared in the appeal or filed a notice of appeal. Rosenow has filed a brief and a reply brief. Neither Pepper nor Lake Specialties has filed any briefs, but adopted the brief and reply brief filed by Rosenow.

This appeal involves our often confusing remedial law relating to third-party actions and orders made final only by the use of the words there is no just reason to delay the enforcement or appeal of this order. Ill. Rev. Stat. 1989, ch. 110A, par. 304 (a).

On appeal Rosenow, Pepper and Lake Specialties argue that the trial court erred and abused its discretion in granting and subsequently refusing to vacate summary judgment in favor of Division Eight. They base this argument on Clay's deposition testimony, equitable grounds, timeliness of the May 16, 1989, order, an alleged defective affidavit supporting Division Eight's motion and the provisions of section 2—1301 of the Illinois Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301).

In opposition, Division Eight argues that Pepper, Rosenow and Lake Specialties lack standing to contest the trial court's order and that in any event the trial court was correct in its May 16, 1989, ruling and subsequent rulings relating to that order.

The initial issue that must be resolved is whether Rosenow, Pepper and Lake Specialties have standing to appeal the granting of summary judgment in Clay's case against Division Eight. Rosenow, Pepper and Lake Specialties claim that the fact that Division Eight had potential liability to them is enough to affect the codefendants and gives standing to appeal the grant of summary judgment because if the trial court's grant of summary judgment is affirmed, the remaining defendants may be forced to share the cost of some portion of the liability which should have been borne by Division Eight and they have standing because the trial court's order grant-

ing summary judgment to Division Eight affects their right to file counterclaims, third-party actions or other claims against Division Eight.

■■ ■ We conclude that the trial court's various orders relating to Division Eight and Clay's claim against Division Eight did not as yet and maybe never affect any of the procedural rights of Rosenow, Pepper or Lake Specialties. First, any defendant has a right to plead any claim against either a plaintiff or defendants whether in the nature of a setoff recoupment, cross-claim or otherwise, and whether in tort, contract, for liquidated or unliquidated damages, or for other relief. (Ill. Rev. Stat. 1987, ch. 110, par. 2— 608.) The question of the timeliness of pleading a counterclaim is within the sound discretion of a trial judge. (*Otto Real Estate, Inc. v. Shelter Investments* (1987), 153 Ill. App. 3d 756, 506 N.E.2d 351.) While the filing of a counterclaim is permissive in cases involving contributions among joint tortfeasors, a party is not entitled to relief in the absence of a pleading raising that issue. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.) The Illinois Supreme Court held in *Laue* that section 5 of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 305) requires that if an injured party sues one or more of several tortfeasors, then any actions for contribution among those tortfeasors must be asserted by way of a cross-claim or a third-party claim in the injured party's action and will be barred if they are not so brought. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.) In a contribution case the counterclaim or third-party action may be asserted by a separate action before or after payment; however, that action cannot be instituted after a pending case has been concluded. (*Pell v. Victor J. Andrew High School* (1984), 123 Ill. App. 3d 423, 462 N.E.2d 858.) This pending case has not been concluded.

■■ ■ It is noted that in its final order the trial court did not deny either Rosenow, Pepper or Lake Specialties the right to amend its pleadings or file a third-party complaint; had the order done so, obviously these parties would have standing. This appeal involves only a claim by Clay against Division Eight in which the trial court granted summary judgment in favor of Division Eight, a decision which Clay has not appealed. The right to appeal exists only in favor of a party whose rights have been prejudiced by the judgment or decree appealed from. (*Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 244, 446 N.E.2d 1271, 1274.) As between codefendants, a judgment for or against one of them does nothing but establish their respective rights and liabilities towards the plaintiff, unless

the issues between the codefendants were actively litigated in the action. (*Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 446 N.E.2d 1271.) Since the codefendants did not assert a counterclaim for contribution in the time of the granting of summary judgment in favor of Division Eight and against Clay, they now do not have standing to appeal the dismissal of Division Eight from Clay's cause.

Rosenow, Pepper and Lake Specialties rely on the case of *St. Mary of Nazareth Hospital v. Kuczaj* (1988), 174 Ill. App. 3d 268, 270-71, 528 N.E.2d 290, which states "[a]ny party to the case may seek appellate review from a final judgment which is adverse to his interests, and whether the party was actually aggrieved does not determine his right to appeal." We find the facts of *St. Mary*'s significantly different than the facts in the present case. Rosenow, Pepper and Lake Specialties claim to have an adverse position and thus standing because Division Eight was allowed to extricate itself from liability to Clay before its possible liability to the other defendants could be foreseen or determined. Yet, none of these codefendants took the time to contest the motion for summary judgment until after it was entered. In *St. Mary*'s, the husband and wife both had potential liability for the payment of the expenses incurred during the marriage. Since the judgment for dissolution of marriage between the parties had provided that the husband was to maintain medical and hospital insurance covering the wife, the court held that the wife would be prejudiced by the summary judgment given to the husband, and therefore, she had the standing necessary for appellate review. The court reasoned that the liability of her then husband for medical insurance coverage and summary judgment in the pending case would have a collateral estoppel effect on any future action against him. The court also stated that "[h]ad this action been brought under the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1987, ch. 70, par. 305), rather than the family expense statute, there is no question but that Lillian would have been required to assert a counterclaim for contribution in the action below in order to have standing to appeal the summary judgment in favor of a codefendant." *St. Mary of Nazareth Hospital v. Kuczaj* (1988), 174 Ill. App. 3d 268, 273, 528 N.E.2d 290, 294.

Since we conclude that Rosenow, Pepper and Lake Specialties lack standing to contest the trial court's order granting Division Eight summary judgment against Clay, consideration of the propriety of the trial court's decision to grant that summary judgment is unnecessary. Accordingly, we affirm the trial court's order granting summary judgment to Division Eight and denying Rosenow's, Pep-

per's and Lake Specialties' motions to reconsider that order.

With respect to the trial court's denial of defendants' motions for leave to file counterclaims and/or third-party actions against Division Eight, the appeals from those portions of the trial court's orders seemed to have been abandoned by defendants. They were not argued in the defendants' brief. A review of the report of proceeding on October 27, 1989, the date the trial court denied all motions to file third-party complaints against Division Eight and reinstated the final and appealable language of Rule 304(a) (Ill. Rev. Stat. 1989, ch. 110A, par. 304(a)) discloses that the defendants' main concern was the *"res judicata"* effect of the initial May 16, 1989, order on any subsequent filings of the defendants against Division Eight. This same concern was expressed in the final oral argument in this appeal. As the October 27, 1989, report of proceedings reveals, *"res judicata"* has to be raised by the third-party defendant. The *"res judicata"* effect of the May 16, 1989, order would only apply, if at all, if one or more of the defendants filed a third-party or other claim against Division Eight and Division Eight raised *"res judicata"* as a defense to those actions. The record does not disclose this eventuality.

■■ A party invoking *"res judicata"* must not only plead the former action as a bar, but must also prove the existence and character of the former judgment as well as its legal effect. (*Edwards v. City of Quincy* (1984), 124 Ill. App. 3d 1004, 464 N.E.2d 1125.) Any expression by this court at this time on the *"res judicata"* effect of the May 16, 1989, summary judgment in favor of Division Eight and against Clay as to possible future filings by one or more of the present appealing parties against Division Eight would be premature.

For all the above reasons, the trial court's orders appealed from are affirmed and the cause is remanded for further proceedings.

Affirmed and remanded.

COCCIA, P.J., and GORDON, J., concur.