FOURTH DIVISION

March 17, 2005

1-04-0582

PERRY CIANCI and MARY CIANCI, and DANIELLE ) Appeal from the

CIANCI and MICHAEL CIANCI, Minors, by and through ) Circuit Court

Perry and Mary Cianci, ) of Cook County.

) 

Plaintiffs-Appellees, ) 

)

) 

)

SAFECO INSURANCE COMPANY OF ILLINOIS ) No. 02 CH 4670

and AMERICAN CLEANING COMPANY, )

)

Defendants-Appellees, )

)

and )

)

BROUWER BROTHERS STEAMATIC, INC., ) Honorable

) Julia M. Nowicki,

Defendant-Appellant. ) Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Defendant Brouwer Brothers Steamatic, Inc. (Brouwer Brothers), appeals from two orders entered by the circuit court of Cook County, one granting a motion filed by plaintiffs, Perry and Mary Cianci and their children, Danielle and Michael Cianci, to approve a settlement they entered into with defendant American Cleaning Co. (American Cleaning), and the other granting a motion filed by defendant Safeco Insurance Co. (Safeco) to approve a settlement between it and plaintiffs.  Brouwer Brothers contends that the circuit court abused its discretion in finding that these settlements were entered into in good-faith such that American Cleaning and Safeco would be discharged from liability for contribution to Brouwer Brothers pursuant to section 2(c) of the Joint Tortfeasor Contribution Act (Act) (740 ILCS 100/2(c) (West 2002)).  Brouwer Brothers also contends that the circuit court erred in entering its orders approving the settlements before it ruled on a pending motion to transfer venue to Will County based on 
forum non conveniens
, which had been filed by American Cleaning and which it had joined.  

Plaintiffs, joined by Safeco and American Cleaning, have filed a motion to dismiss Brouwer Brothers’ appeal, which we have taken with the case.  Therein, plaintiffs contend that Brouwer Brothers has no standing to object to the settlements because it has not filed a claim for contribution against either of the settling defendants.  Plaintiffs also contend that Brouwer Brothers cannot challenge the manner in which the settlements have been allocated because the issue is not ripe for adjudication.  For the reasons that follow, plaintiffs’ motion to dismiss is denied and the judgment of the circuit court of Cook County is reversed and remanded with directions.  

BACKGROUND

Plaintiffs alleged the following facts in their complaint.  Plaintiffs Perry and Mary Cianci owned a home in New Lenox, Illinois, in which they resided with their children, plaintiffs Danielle and Michael.  They purchased a homeowner’s insurance policy from Safeco, which covered, 
inter alia
, losses to real and personal property, as well as additional living expenses incurred as a result of damage to their home.  

On January 14, 1999, plaintiffs’ home sustained water damage resulting from ice dams which had accumulated on their roof.  Plaintiffs claimed that Safeco negligently delayed removal of the water damage for two weeks.  Safeco hired American Cleaning to remediate the water damage; however, American Cleaning failed to properly clean and remove water-damaged carpeting and furniture.   

The water damage enabled toxigenic mold to grow and to contaminate the home.  Plaintiffs began experiencing flu-like symptoms, respiratory ailments, headaches, and fatigue.  They notified Safeco of the problem, but Safeco did not agree to test for mold for more than nine months.  When the test results confirmed the presence of mold, plaintiffs were advised to evacuate their home and to leave their belongings behind.  

Based on a referral from Safeco, plaintiffs retained Brouwer Brothers to perform the mold cleaning and remediation work.  However, Brouwer Brothers was unsuccessful, and Safeco ultimately resolved to tear down plaintiffs’ home and to build a new one.  

Plaintiffs alleged that during the demolition and reconstruction of their home, Safeco refused to pay additional living expenses covered by their homeowner’s insurance policy, including replacement costs for household and personal items, repairs, relocation costs, and medical bills, leaving them to pay many of these expenses themselves.  Plaintiffs’ initial complaint sought a declaratory judgment that Safeco was obligated to continue paying for their additional living expenses as required by the insurance policy and an injunction barring Safeco from discontinuing additional living expense coverage under the policy until their new house was ready.  

On February 11, 2003, plaintiffs filed their second amended verified complaint, which contained 14 counts against Safeco, American Cleaning, and Brouwer Brothers.  Count I alleged breach of contract against Safeco for failing to uphold its obligations under the insurance policy.  Count II alleged that Safeco violated section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2002)) by vexatiously and unreasonably refusing to pay them the full amount of their losses and damages under the insurance policy.  Count III alleged that Safeco, individually and through those it held out as its agents, acted negligently with regard to the health risk posed by possible mold contamination and acted negligently in carrying out repairs to plaintiffs’ home.  Count IV alleged that Safeco intentionally or recklessly disregarded the risk that its behavior would cause plaintiffs extreme emotional distress, and plaintiffs suffered depression and other physical and emotional injuries as a result.  Count V alleged that American Cleaning was negligent in the repair and remediation of the water damage in plaintiffs’ home, resulting in toxigenic mold contamination.  Count VI alleged that Safeco was vicariously liable for American Cleaning’s negligence because Safeco held American Cleaning out as its agent.  Count VII alleged that American Cleaning violated the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et seq.
 (West 2002)) by deceptively concealing, omitting, or suppressing the fact that its work failed to remedy the water damage in plaintiffs’ home.  Count VIII alleged that Safeco was vicariously liable for American Cleaning’s fraudulent and deceptive business practices.  Count IX alleged that Brouwer Brothers breached its contract with plaintiffs by failing to remediate the mold contamination in their home.  Count X alleged that Brouwer Brothers was negligent in performing the decontamination work and in failing to remedy the problem, resulting in injury to plaintiffs.  Count XI alleged that Safeco was vicarously liable for Brouwer Brothers’ negligence because it held Brouwer Brothers out as its agent.  Count XII alleged that Brouwer Brothers intentionally or recklessly caused plaintiffs emotional distress by, 
inter alia
, delaying its work, leaving contaminated tools and items on the premises, and ultimately failing to remediate the mold contamination, causing plaintiffs to suffer from depression and severe emotional distress and also causing property damage.  Count XIII alleged that Brouwer Brothers violated the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et seq.
 (West 2002)) by deceptively and unlawfully concealing, omitting, or suppressing the fact that its work failed to properly treat the mold contamination in their home.  Count XIV alleged that Safeco was vicariously liable for Brouwer Brothers’ fraudulent and deceptive business practices.    

On March 27, 2003, American Cleaning filed a motion to transfer venue to Will County based on 
forum non conveniens 
(
forum non conveniens
 motion).  Brouwer Brothers joined that motion, as well as a previous motion to transfer venue based on 
forum non conveniens
 which had been filed by Safeco a year earlier and had been continued several times.  

Each of the defendants then filed separate motions to dismiss certain counts of plaintffs’ complaint pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2002)).  On June 12, 2003, the circuit court denied Safeco’s motion to dismiss and continued the motions to transfer venue.  At the status hearing preceding that order, the court indicated it wanted to wait and see if the case would be transferred to the law division rather than rule on the motion to transfer venue immediately.   

At a status hearing on October 17, 2003, plaintiffs informed the circuit court that they had reached a settlement agreement with Safeco and American Cleaning, and that American Cleaning would withdraw its motion to dismiss and 
forum non conveniens
 motion.  The court subsequently continued Brouwer Brothers’ pending motions for hearing twice more.  The record does not contain any objections by Brouwer Brothers to these continuances.  

On December 15, 2003, Safeco filed a “Motion for Good Faith Settlement,” requesting that the circuit court enter an order finding that its settlement with plaintiffs had been made in good-faith so that it would not be subject to any contribution liability in the future.  The terms of the settlement provided that Safeco would pay plaintiffs $150,000 and assign them:

 “any and all legal and equitable rights, including any rights to which it is subrogated at law or in equity, as well as claims, demands, damages, actions, and causes of action which it has or hereafter may have against American Cleaning Co., Brouwer Brothers Steamatic, Inc., and Boelter & Yates, and any of their agents, successors and assigns, or against any other person causing any damage to the Ciancis for which Safeco Insurance Company of Illinois paid, which Safeco Insurance Company of Illinois may possess arising out of claims made under [the policy] for any claim or loss related to certain ice damming occuring in or about January 1999 and additional losses thereafter along with any subsequent damage caused by American Cleaning Co., Brouwer Brothers Steamatic, Inc., and Boelter & Yates, among others, and any other person or entity.”  

The settlement further provided that “[i]n order to make the foregoing assignment fully effective, Safeco shall waive any right of subrogation against American Cleaning Co., Brouwer Brothers Steamatic, Inc., and Boelter & Yates, among others, and any other person or entity against which Safeco may have acquired such rights.”  Plaintiffs joined Safeco’s motion for a good-faith finding and filed another motion for a good-faith finding regarding a settlement they entered into with American Cleaning.  Pursuant to that agreement, American Cleaning would pay plaintiffs $30,000 in exchange for settlement of their claims.  Both the Safeco and American Cleaning settlements were conditioned upon the circuit court making findings of good-faith.  Brouwer Brothers filed a response in opposition to these motions. 

On January 27, 2004, following argument, the court found that Brouwer Brothers had no standing to object to either settlement and, alternatively, that the settlements were made in good-faith.  On the same date, the court entered written orders finding the settlements to have been made in good-faith, but also directing the settling parties to draft orders approving the settlements and allocating the settlement amounts.  

On January 30, 2004, the circuit court heard argument on Brouwer Brothers’ 
forum non conveniens
 motion.  At that hearing, Brouwer Brothers’ counsel stated that he had been trying to present that motion for months, but it was continued.  The court indicated that it was waiting to see if the parties would settle.  At the close of the hearing, the court found Will County to be a more appropriate forum; however, Brouwer Brothers requested that the court wait to enter that order until after the settlement order was amended to include the settlement allocations.   

On February 11, 2004, the court entered orders modifying the January 27, 2004, settlement orders to include certain allocations.  The order regarding the Safeco settlement allocated $15,000 to plaintiffs’ tort, stautory, and vicarious liability claims and $135,000 to the contractual claims, and found these to be reasonable amounts.  The order further specified that of the $15,000 for tort, statutory, and vicarious liability claims, $12,000 was allocated to Mary Cianci, and $1,000 each was allocated to Perry, Danielle, and Michael Cianci.  The order regarding the American Cleaning settlement allocated the entire $30,000 settlement payment to “tort claims” and found that amount to be a reasonable sum.  The order further allocated $5,000 each to Mary and Perry Cianci, $9,000 each to Danielle and Michael Cianci, and $2,000 for property damage.  Both orders included Supreme Court Rule 304(a) language that “there is no just reason for delaying either enforcement or appeal or both.”  155 Ill. 2d R. 304(a).  On February 23, 2004, the circuit court entered its order granting Brouwer Brothers’ 
forum non conveniens
 motion
.  On February 26, 2004, Brouwer Brothers filed a timely notice of appeal from the court’s orders approving, and modifying the prior approval of, the settlements between plaintiffs and Safeco and plaintiffs and American Cleaning.  

We initially observe that jurisdiction is proper in this court, even though the circuit court entered its order granting Brouwer Brothers’ 
forum non conveniens
 motion before Brouwer Brothers filed its notice of appeal.  
Cf.
 
Majewski v. Von Bergan
, 266 Ill. App. 3d 140, 142, 638 N.E.2d 1189, 1191 (1994).  The circuit court’s findings on February 11, 2004, that “there [was] no just reason for delaying either enforcement or appeal or both,” made the good-faith orders final and appealable (155 Ill. 2d R. 304(a); 
McGath v. Price
, 342 Ill. App. 3d 19, 26, 793 N.E.2d 801, 807 (2003)) before the circuit court entered its order granting the 
forum non conveniens
 motion.  The circuit court then retained residual jurisdiction over the good-faith orders for 30 days (155 Ill. 2d R. 303(a)(1); 
Brewer v. National R.R. Passenger Corp.
, 165 Ill. 2d 100, 105, 649 N.E.2d 1331, 1333 (1995)), during which time Brouwer Brothers filed its notice of appeal.  Therefore, this court has jurisdiction to entertain Brouwer Brothers’ appeal pursuant to Illinois Supreme Court Rule 304(a).  155 Ill. 2d R. 304(a).  

ANALYSIS

As noted above, plaintiffs, joined by Safeco and American Cleaning, have filed a motion to dismiss Brouwer Brothers’ appeal.  In that motion, they first contend that Brouwer Brothers lacks standing to appeal the circuit court’s good-faith orders because it has not filed a contribution claim against either of the settling defendants.  

“Generally, to have standing, a litigant must show (1) it has suffered some actual or threatened injury; (2) the injury ‘fairly can be traced to the challenged action’; and (3) the injury is likely to be redressed by a favorable decision.”  
Sampson v. Eastman Kodak Co.
, 195 Ill. App. 3d 715, 722, 552 N.E.2d 1194, 1198 (1990), quoting 
Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.
, 454 U.S. 464, 472, 70 L. Ed. 2d 700, 709, 102 S. Ct. 752, 758 (1982).  In order for a party to have standing to appeal a particular judgment, that party’s rights must have been prejudiced by that particular judgment.  
Clay v. Pepper Construction Co.
, 205 Ill. App. 3d 1018, 1022, 563 N.E.2d 937, 940 (1990).    

In support of their claim that Brouwer Brothers lacks standing, plaintiffs cite 
Stickler v. American Augers, Inc.
, 303 Ill. App. 3d 689, 708 N.E.2d 403 (1999).  In 
Stickler
, a plaintiff injured in the course of his employment sued four defendants, who, in turn, filed a third-party complaint for contribution against the plaintiff’s employer.  
Stickler
, 303 Ill. App. 3d at 691, 708 N.E.2d at 405.  The plaintiff reached a settlement with three of the defendants and the third-party defendant, and over the nonsettling defendant’s objection, 
the circuit court entered a good-faith finding.  
Stickler
, 303 Ill. App. 3d at 691, 708 N.E.2d at 405.  On review, this court found that the nonsettling defendant lacked standing to appeal the circuit court’s order as to its codefendants, but not the third-party defendant.  
Stickler
, 303 Ill. App. 3d at 692, 708 N.E.2d at 405.  The court explained that the nonsettling defendant’s failure to timely file a contribution claim against the codefendants resulted in a waiver of the nonsettling defendant’s right to object to the settlement.  
Stickler
, 303 Ill. App. 3d at 692, 708 N.E.2d at 405; see also 
Clay
, 205 Ill. App. 3d at 1023, 563 N.E.2d at 940 (codefendants who did not assert a counterclaim for contribution against defendant in whose favor summary judgment was granted lacked standing to appeal the summary judgment order dismissing that defendant from the case); 
Tisoncik v. Szczepankiewicz
, 113 Ill. App. 3d 240, 446 N.E.2d 1271 (1983) (defendant who did not assert counterclaim for contribution against codefendant in whose favor trial court granted directed verdict lacked standing to appeal the dismissal of the codefendant from the case).  

Brouwer Brothers responds that it has not failed to 
timely
 file a contribution claim, as 
Stickler
 requires.  Rather, Brouwer Brothers points out that at the time the good-faith orders were entered, its motion to dismiss and 
forum non conveniens
 motion remained pending.  Therefore, Brouwer Brothers maintains, it has standing to object to the settlements at issue in this case.  

In the case of a claim for contribution, if there is a pending action, then a party seeking contribution must file that claim as either a counterclaim or third-party complaint in that pending action.  
Laue v. Leifheit
, 105 Ill. 2d 191, 196, 473 N.E.2d 939, 941-42 (1984).  Filing such a claim in a pending action does not constitute an admission of liability.  
Laue
, 105 Ill. 2d at 197, 473 N.E.2d at 942.  

In the present case, if Brouwer Brothers were to assert a claim for contribution against one of its codefendants, it would do so by counterclaim.  735 ILCS 5/2-608(a) (West 2002).  Section 2-608 of the Code provides that the counterclaim shall be part of the answer.  735 ILCS 5/2-608(b) (West 2002); 
Otto Real Estate, Inc. v. Shelter Investments
, 153 Ill. App. 3d 756, 762, 506 N.E.2d 351, 355 (1987).  However, the circuit court has discretion to permit a party to file a counterclaim subsequent to the answer.  
Otto Real Estate
, 153 Ill. App. 3d at 762, 506 N.E.2d at 355.  But see 
Benckendorf v. Burlington Northern R.R.
, 112 Ill. App. 3d 658, 445 N.E.2d 837 (1983) (circuit court did not abuse discretion in permitting party to file counterclaim without leave several days before its answer). 

Brouwer Brothers elected to respond to plaintiffs’ second amended verified complaint by filing a motion to dismiss based on both sections 2-615 and 2-619.  As Brouwer Brothers points out, at the time plaintiffs, Safeco, and American Cleaning settled, its motion to dismiss remained pending, and the time for filing a counterclaim had not arrived.  735 ILCS 5/2-608(b) (West 2002); 
Otto Real Estate,
 153 Ill. App. 3d at 762, 506 N.E.2d at 355.  Although Brouwer Brothers could have elected to answer plaintiffs’ complaint, its doing so would have waived any objection to defects in the complaint.  
Thilman & Co. v. Esposito
, 87 Ill. App. 3d 289, 295, 408 N.E.2d 1014, 1019 (1980).  

Thus, the present case is distinguisable from 
Stickler
, 
Clay
, and 
Tisoncik
.  In 
Stickler
, unlike the present case, the nonsettling defendant had the opportunity to file a third-party complaint for contribution, which, like a counterclaim, is generally filed within the time for filing an answer (735 ILCS 5/2-406(b) (West 2002)).  
Stickler
, 303 Ill. App. 3d at 691, 708 N.E.2d at 405.   Also unlike the present case, the matters in 
Clay
 and 
Tisoncik
 had proceeded to the summary judgment and trial stages, respectively, and the defendants in those cases 
would have had the opportunity to file counterclaims or third-party claims.  
Clay
, 205 Ill. App. 3d at 1021, 563 N.E.2d at 939; 
Tisoncik
, 113 Ill. App. 3d at 245, 247, 446 N.E.2d at 1275-76.  

We therefore find the general rule articulated in 
Stickler
 that a party who fails to timely file a counterclaim for contribution lacks standing to appeal a good-faith order inapplicable to the situation in the present case.  As Brouwer Brothers observes, if we were to hold otherwise, a defendant who settles with a plaintiff before the time for filing an answer has arrived would deny a nonsettling defendant any opportunity to seek contribution or a setoff from the settling defendant.  See 
In re Guardianship of Babb
, 162 Ill. 2d 153, 163, 642 N.E.2d 1195, 1200 (1994) (holding settlement should not be calculated to deprive nonsettling parties, whose rights would be cut off by an order finding the settlement to have been made in good-faith, of notice and the opportunity to object).  Accordingly, Brouwer Brothers has standing to challenge whether the settlements were entered into in good-faith.  

Plaintiffs, along with Safeco and American Cleaning, alternatively contend that Brouwer Brothers’ appeal should be dismissed because the issue of the manner in which the settlements were allocated is not ripe for adjudication.  Plaintiffs maintain that because there has been no judgment entered against Brouwer Brothers, the manner in which the settlement between plaintiffs and the other defendants has been allocated is not relevant.  We disagree.  

To determine whether an issue is ripe for adjudication, we are required to evaluate both the fitness of the issue for judicial decision and the hardship to the parties of witholding court consideration.  
National Marine, Inc. v. Illinois Environmental Protection Agency
, 159 Ill. 2d 381, 389, 639 N.E.2d 571, 574 (1994).  Here, if Brouwer Brothers is unable to establish the amounts allocated in the settlements to each of plaintiffs’ individual theories of recovery, it will not be entitled to a setoff.  
Muro v. Abel Freight Lines, Inc.
, 283 Ill. App. 3d 416, 419, 669 N.E.2d 1217, 1218 (1996), citing 
Dolan v. Gawlicki
, 256 Ill. App. 3d 153, 156-57, 628 N.E.2d 1188, 1190-91 (1994).  Thus, the failure to examine whether the allocation was sufficient could result in hardship to Brouwer Brothers.  In addition, as we will discuss below, the issue of whether the allocation in the settlement equitably apportioned damages is central to a circuit court’s good-faith determination.  
Johnson v. United Airlines
, 203 Ill. 2d 121, 133, 784 N.E.2d 812, 820-21 (2003).  Therefore, we find the issue ripe for adjudication.  

Turning to the merits of the appeal, Brouwer Brothers contends, 
inter alia
, that the circuit court erred in entering orders approving the settlement before it considered its 
forum non conveniens 
motion.  Brouwer Brothers first maintains that “it attempted time and again” to have its motion heard to no avail and suggests that the circuit court therefore abused its discretion in waiting to rule on the motion.  The settling parties respond that Brouwer Brothers did not object to the various continuances of the 
forum non conveniens
 motion and, as a result, it has waived the issue.  In addition, the settling parties point out that Brouwer Brothers actually requested that the court wait to determine the 
forum non conveniens
 motion until after the good-faith motions had been ruled upon.  They also respond that a court does not have to address a 
forum non conveniens
 motion before addressing other issues.  

In order to preserve an issue for review, a party must make an appropriate objection in the circuit court.  See, 
e.g.
, 
Kambylis v. Ford Motor Co.
, 338 Ill. App. 3d 788, 798-99, 788 N.E.2d 1, 9 (2003).  Where the party fails to do so, the issue is waived.  
Kambylis
, 338 Ill. App. 3d at 798-99, 788 N.E.2d at 9.  

Here, nothing in the record indicates that Brouwer Brothers objected to the continuations of its 
forum non conveniens 
motion at the time when the continuances were discussed on the record.  Although Brouwer Brothers’ counsel stated at the January 30, 2004, hearing on the motion that Brouwer Brothers had been trying to present the motion for months, there is nothing in the record to support that statement.  As a result, the issue is waived.  
Klein v. Steel City National Bank
, 212 Ill. App. 3d 629, 634, 571 N.E.2d 751, 754 (1991).  

Moreover, at the January 30, 2004, hearing on Brouwer Brothers’ 
forum non conveniens 
motion, counsel for Brouwer Brothers requested that the court wait to enter its order until after it had amended the orders approving the settlements to include the allocations.  Thus, because Brouwer Brothers acutally asked the court to delay its ruling on the 
forum non conveniens 
motion, it cannot now claim that the court committed error in doing so.  See 
McMath v. Katholi
, 191 Ill. 2d 251, 255, 730 N.E.2d 1, 3 (2000).  

Furthermore, even assuming, 
arguendo
, that this issue were properly preserved for review, Brouwer Brothers would not be successful.  The equitable doctrine of 
forum non conveniens
 permits the court in which an action was filed to decline jurisdiction and direct the lawsuit to an alternative forum which can better serve the convenience of the parties and the interests of justice.  
Dawdy v. Union Pacific R.R. Co.
, 207 Ill. 2d 167, 171-72, 797 N.E.2d 687, 693 (2003). 
 A party does not waive its right to file a 
forum non conveniens
 motion by filing a general appearance and answer
.  
Walker v. Iowa Marine Repair Corp.
, 132 Ill. App. 3d 621, 627, 629, 477 N.E.2d 1335, 1340 (1985). 
 Rather, because a court is to consider several factors, including 
the relative capacities of the two courts to provide a fair trial, the relative inconvenience to the witnesses and parties, and the burden placed upon the taxpayers and residents of the jurisdiction to which the cause of action is to be transported, in determining the motion (
Torres v. Walsh
, 98 Ill. 2d 338, 345, 456 N.E.2d 601, 604 (1983)), the court should wait until all of the defendants appear and the parties have engaged in discovery relevant to the inquiry before making its determination (134 Ill. 2d R. 187(b); 
Walker
, 132 Ill. App. 3d at 627, 477 N.E.2d at 1339).  

Here, the record discloses that the parties were engaged in discovery when plaintiffs, American Cleaning, and Safeco settled.  The record also reveals that on at least one occasion, the court had to order Brouwer Brothers to comply with discovery requests. Thus, the circuit court did not abuse its discretion in waiting to rule on Brouwer Brothers’ 
forum non conveniens 
motion.  

Brouwer Brothers also claims that because it presented its 
forum non conveniens 
motion before the settling parties’ good-faith motions, the circuit court lacked the authority to rule on anything other than the 
forum non conveniens 
motion.  Therefore, Brouwer Brothers maintains, the good-faith orders are nullities.  

In support of this contention, Brouwer Brothers relies upon 
In re Dominique F.
, 145 Ill. 2d 311, 583 N.E.2d 555 (1991), in which the supreme court held that a timely filed petition for substitution of judge as a matter of right pursuant to what is now section 2-1001 of the Code (735 ILCS 5/2-1001 (West 2002)) must be granted and any other orders entered after the petition’s presentation are a nullity.  However, Brouwer Brothers’ reliance on 
Dominique F.
 is misplaced.  A right to a substitution of judge pursuant to section 2-1001 because of judicial prejudice is absolute (
Dominique F.
, 145 Ill. 2d at 318-19, 583 N.E.2d at 558) because it relates to a party’s entitlement to an impartial hearing, which is a basic tenet of our jurisprudence (
Winn v. Mitsubishi Motor Manufacturing of America, Inc.
, 308 Ill. App. 3d 1054, 1061-62, 721 N.E.2d 819, 825 (1999)).  In contrast, a transfer of venue based on 
forum non conveniens
 in accordance with Supreme Court Rule 187 (134 Ill. 2d R. 187) is a measure designed to relieve the unnecessary burden of defending a lawsuit in an inconvenient forum.  
Winn
, 308 Ill. App. 3d at 1061, 721 N.E.2d at 825.  Contrary to Brouwer Brothers’ assertion, no Illinois court has held that a 
forum non conveniens 
motion must be granted as a matter of right and that any orders entered after such a motion’s presentation would be a nullity.  Rather, as we discussed earlier, the circuit court should wait until some discovery has been completed before ruling on a 
forum non conveniens 
motion.  134 Ill. 2d R. 187(b); 
Walker
, 132 Ill. App. 3d at 627, 477 N.E.2d at 1339.  Thus, the circuit court was not required to rule on the 
forum non conveniens 
motion prior to making any other substantive rulings.  
Winn
, 308 Ill. App. 3d at 1063, 721 N.E.2d at 826; see also 
Walker
, 132 Ill. App. 3d at 627, 477 N.E.2d at 1339; 
Johnson
, 203 Ill. 2d at 125-26, 784 N.E.2d at 816 (trial court ruled on good-faith of settlement before ruling on nonsettling defendant’s pending motions to dismiss and transfer venue).  But see 
Majewski v. Von Bergan
, 266 Ill. App. 3d 140, 638 N.E.2d 1189 (1994) (relying upon 
Dominique F.
 and suggesting in 
dicta 
that it would be improper for a circuit court to rule on a dispositive motion where a motion to transfer venue was pending).  

In reaching this conclusion, we find
 
Majewski
, which Brouwer Brothers also cites in support of its argument, distinguishable from the present case.  In 
Majewski
, the Second District Appellate Court found that the circuit court of Cook County lacked jurisdiction to entertain a motion by the plaintiffs to voluntarily dismiss the case pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 1992)), which had been filed nearly two years after the circuit court of Cook County had granted a motion to transfer venue to Lake County.  
Majewski
, 266 Ill. App. 3d at 142-43, 638 N.E.2d at 1191. 

Here, in contrast, the circuit court ruled on the settling parties’ motions for good-faith findings before it entered its order granting Brouwer Brothers’ motion to transfer the case to Will County.  Thus, the circuit court of Cook County had jurisdiction to rule on the settling parties’ motions for good-faith findings.  See also 
Winn
, 308 Ill. App. 3d at 1062, 721 N.E.2d at 825-26 (distinguishing and declining to follow 
Majewski
).  We therefore find that the circuit court had the discretion to rule on the the good-faith motions after Brouwer Brothers filed its 
forum non conveniens 
motion.  

Brouwer Brothers alternatively contends that the circuit court abused its discretion in finding that the settlements between plaintiffs and Safeco, and plaintiffs and American Cleaning were entered into in good-faith such that American Cleaning and Safeco would be discharged from liability for contribution to Brouwer Brothers pursuant to section 2(c) of the Illinois Joint Tortfeasor Contribution Act (Act) (740 ILCS 100/2(c) (West 2002)). 

The Act (740 ILCS 100/1 
et seq.
 (West 2002)) creates a statutory right of contribution “where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.”  740 ILCS 100/2(a) (West 2002); 
Johnson v. United Airlines
, 203 Ill. 2d 121, 128, 784 N.E.2d 812, 817 (2003).  This right “exists only in favor of a tortfeasor who has paid more than his pro rata share” of damages to the injured party.  740 ILCS 100/2(b) (West 2002); 
Dubina v. Mesirow Realty Development, Inc.
, 197 Ill. 2d 185, 191, 756 N.E.2d 836, 839 (2001).  

However, a tortfeasor is not entitled to recover contribution from another tortfeasor who has settled with the injured party in good-faith.  740 ILCS 100/2(c) (West 2002); 
Dubina
, 197 Ill. 2d at 191, 756 N.E.2d at 840.  The Act discharges all contribution liability that a tortfeasor who settles in good-faith might have had to any other tortfeasor.  740 ILCS 100/2(d) (West 2002);  
Dubina
, 197 Ill. 2d at 191, 756 N.E.2d at 840.  Although the Act does not define the term “good-faith,” the supreme court has explained that a circuit court should consider the totality of the circumstances surrounding the settlement to make this determination.  
In re Guardianship of Babb
, 162 Ill. 2d 153, 162, 642 N.E.2d 1195, 1199 (1994).  This standard enables the circuit court to strike a balance between the public policy favoring the peaceful settlement of claims and the policy favoring the equitable apportionment of damages among tortfeasors.  
Associated Aviation Underwriters, Inc. v. Aon Corp.
, 344 Ill. App. 3d 163, 175, 800 N.E.2d 424, 433 (2003).  A settlement will not be found to have been made in good-faith where there has been collusion, unfair dealing, or wrongful conduct by the settling parties.  
Babb
, 162 Ill. 2d at 162, 642 N.E.2d at 1199.  In addition, “a settlement agreement that conflicts with the terms of the Act and/or is not consistent with the policies underlying the Act cannot satisfy the good-faith requirement of the Act and cannot thereby discharge the settling tortfeasor from contribution liability.”  
Dubina
, 197 Ill. 2d at 192, 756 N.E.2d at 840.      
  
 

In making this determination, the settling parties carry the inital burden to make a preliminary showing of good-faith.  
Johnson
, 203 Ill. 2d at 132, 784 N.E.2d at 820.  The settling parties must show, at a minimum, the existence of a legally valid settlement agreement.  
Johnson
, 203 Ill. 2d at 132, 784 N.E.2d at 820.  However, in certain cases, the circuit court may need other factual evidence to make a determination that an otherwise legally valid settlement agreement is fair and reasonable in light of the policies underlying the Act.  
Johnson
, 203 Ill. 2d at 132, 784 N.E.2d at 820.  Then, the burden shifts to the nonsettling defendant to establish by a preponderance of the evidence that the settlement is not in good-faith.  
Johnson
, 203 Ill. 2d at 133, 784 N.E.2d at 821.  

Ultimately, whether a settlement has been made in good-faith is a matter left to the circuit court’s discretion.  
Johnson
, 203 Ill. 2d at 135, 784 N.E.2d at 821.  Accordingly, a reviewing court will not disturb a circuit court’s determination absent an abuse of that discretion.  
Johnson
, 203 Ill. 2d at 135, 784 N.E.2d at 821. 

Brouwer Brothers claims that the circuit court should have conducted an evidentiary hearing to evaluate the settlement and the method of apportionment of damages therein before entering the good-faith finding.  The settling parties respond that the record was sufficient for the circuit court to make a determination that the settlements had been entered into in good-faith and that Brouwer Brothers failed to carry its burden of rebutting their 
prima facie
 showing of good-faith by a preponderance of the evidence.  

The circuit court is not required to conduct an evidentiary hearing prior to making a finding of good-faith.  
Johnson
, 203 Ill. 2d at 136, 784 N.E.2d at 822.  The circuit court is “in the best position to decide what type of hearing is necessary to fully adjudicate the issue of good faith.”  
Johnson
, 203 Ill. 2d at 136, 784 N.E.2d at 822.  In addition, the fact that the circuit court did not conduct a hearing does not mean that it failed to consider the appropriate factors.  
Johnson
, 203 Ill. 2d at 136, 784 N.E.2d at 822.  

In determining whether the circuit court abused its discretion in failing to conduct an evidentiary hearing before making its good-faith finding, we find this court’s decision in 
Muro v. Abel Freight Lines, Inc.
, 283 Ill. App. 3d 416, 419, 669 N.E.2d 1217, 1218-19 (1996), to be instructive.  In 
Muro
, this court found a good-faith finding entered without an evidentiary hearing to have been premature.  
Muro
, 283 Ill. App. 3d at 419, 669 N.E.2d at 1218-19.  In that case, the settling parties did not provide the court with any information as to how the proceeds of the $75,000 settlement at issue were allocated among the plaintiff’s theories of recovery.  
Muro
, 283 Ill. App. 3d at 417-18, 669 N.E.2d at 1217.  At the settlement hearing, the nonsettling defendant objected to the settlement and asked the court to apportion it among the theories of recovery.  
Muro
, 283 Ill. App. 3d at 418, 669 N.E.2d at 1218.  The trial court ultimately entered an order apportioning the settlement in a manner proposed by the nonsettling defendant.  
Muro
, 283 Ill. App. 3d at 418, 669 N.E.2d at 1218.  In reversing that order on appeal, this court found that the circuit court should have conducted an evidentiary hearing to evaluate both the settlement and the method of apportionment.  
Muro
, 283 Ill. App. 3d at 419, 669 N.E.2d at 1219.  Thus, the court reversed the good-faith order and remanded the cause, directing the circuit court to conduct an evidentiary hearing on the allocation of the settlement proceeds.  
Muro
, 283 Ill. App. 3d at 420-21, 669 N.E.2d at 1219.  

In the present case, as in 
Muro
, we find the circuit court’s good-faith order to have been premature.  First, the court approved the settlement even though the settling parties did not obey the court’s order directing them to allocate the settlement amounts among plaintiffs’ theories of recovery.  Instead, the settling parties lumped together negligence claims, for which contribution could be available, with intentional tort and vicarious liability claims, for which contribution would not be available.  
American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center
, 154 Ill. 2d 347, 354, 609 N.E.2d 285, 289 (1992) (holding that contribution is not available for vicarious liability claims); 
Gerill Corp. v. Jack L. Hargrove Builders, Inc.
, 128 Ill. 2d 179, 206, 538 N.E.2d 530, 542 (1989) (holding that contribution is not available for intentional tort claims)
.   As noted above, the settling parties’ failure to allocate the settlements among plaintiffs’ various theories of recovery forcloses Brouwer Brothers from seeking a setoff.  
Muro
, 283 Ill. App. 3d at 419, 669 N.E.2d at 1218.

Second, the circuit court entered its good-faith order without conducting an evidentiary hearing, even though the record contained no information upon which the circuit court could have based its conclusion.  One of the factors that a court should consider in making the good-faith determination is whether the settlement amounts were within a reasonable range of the settling parties’ fair shares of liability.  
Wreglesworth v. Arctco, Inc.
, 317 Ill. App. 3d 628, 634, 740 N.E.2d 444, 449 (2000).  In the present case, the circuit court had no evidence to make such a determination.  At the time of the settlements, the case was still in the pleading stage.  Motions to dismiss filed by Brouwer Brothers and American Cleaning remained pending.  Only Safeco had answered plaintiffs’ second amended complaint, and it had done so in a way that framed factual issues to be resolved in the case.  In addition, the settling parties provided the circuit court with no information to substantiate why the settlement amounts were within a reasonable range of the settling parties’ fair shares of liability in arguing their motions for good-faith findings.  Rather, as in 
Muro
, the circuit court simply accepted the allocations offered without inquiring into whether the settlement amounts and methods of apportionment were reasonable.  

Finally, regarding the Safeco settlement, there is an issue regarding what impact, if any, Safeco’s assignment of “any and all legal and equitable rights, *** as well as claims, demands, damages, actions, and causes of action,” would have on the respective parties’ rights and liabilities relevant to the Act.  See, 
e.g.
, 
Dubina
, 197 Ill. 2d at 195, 756 N.E.2d at 842 (finding settlement which assigned plaintiffs’ claims against nonsettling defendant to settling defendants enabled the settling defendants to indirectly seek contribution from nonsettling defendant in contravention of the Act and could have resulted in nonsettling defendant paying more than its fair share of liability).  It is unclear on the present record what rights and/or causes of action this provision might be conferring to plaintiffs, and the parties have each characterized this assignment differently in their briefs and during oral argument before this court.  As a result, the circuit court had no basis to determine that this provision did not contravene the purposes of the Act.  The record is also void of any evidence of the assignment’s value and of how that value might have factored into plaintiffs’ decision to settle.  See, 
e.g.
, 
Dubina
, 197 Ill. 2d at 195, 756 N.E.2d at 842.  Accordingly, we find that the circuit court abused its discretion in approving the Safeco and American Cleaning settlements on the present record.  See 
Muro
, 283 Ill. App. 3d at 419-20, 669 N.E.2d at 1219.

In reaching this conclusion, we find the supreme court’s recent decision in 
Johnson
 factually distinguishable from the present case.  In 
Johnson
, the third-party defendant settled with the eight plaintiffs in the case for $1,000 each, plus costs.  
Johnson
, 203 Ill. 2d at 125-26, 784 N.E.2d at 816.  The supreme court affirmed the circuit court’s good-faith finding over the nonsettling defendant’s objection that the circuit court abused its discretion in doing so without conducting an evidentiary hearing and where the settlement amount was disproportionately small.  
Johnson
, 203 Ill. 2d at 136, 784 N.E.2d at 822.  The court observed that the circuit court had sufficient information in the record upon which to base its decision, including pleadings and memoranda.  
Johnson
, 203 Ill. 2d at 136-37, 784 N.E.2d at 822-23.  The court also found that where the third-party defendant, a municipality, had claimed absolute immunity from all liability under the Tort Immunity Act, the settlement amounts of $1,000 per plaintiff were not unreasonable.  
Johnson
, 203 Ill. 2d at 136-37, 784 N.E.2d at 822-23.  

In the case at bar, unlike in 
Johnson
, the record contains no such justification for the settlement amounts and the settling defendants’ respective liabilities were not as clear.  In addition, as we have already discussed, at the time the settlement agreements were made, Brouwer Brothers’ and American Cleaning’s motions to dismiss remained pending, and although Safeco had filed an answer, that answer only served to frame factual issues to be resolved.  

We therefore reverse the decision of the circuit court and remand this cause so that the circuit court may conduct a limited evidentiary hearing to evaluate the fairness and reasonableness of the settlement amounts and allocations in light of the claims involved.  Because the parties have not challenged the propriety of the circuit court’s order granting Brouwer Brothers’ motion to transfer the case based on 
forum non conveniens
, which was entered subsequent to the good-faith order but prior to Brouwer Brothers’ notice of appeal, we remand this case to the circuit court of Will County for further consideration consistent with this opinion.  See 
People ex rel. East Side Levee & Sanitary District v. Madison County Levee and Sanitary District
, 54 Ill. 2d 442, 445, 298 N.E.2d 177, 179 (1973); 
Majewski
, 266 Ill. App. 3d at 143, 638 N.E.2d at 1192.  Additionally, plaintiffs’ motion to dismiss this appeal is denied.  

Reversed and remanded with directions.  

GREIMAN and QUINN, JJ., concur.