# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Clemons, 2011 IL App (1st) 102329**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DWAYNE CLEMONS, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-10-2329 |
| Filed | September 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for aggravated discharge of a firearm and unlawful use of a weapon by a felon, the trial court's denial of defendant's petition under section 2-1401 of the Code of Civil Procedure seeking specific performance of his plea agreement was premature where the trial court *sua sponte* denied the petition less than 30 days after its filing and service without a response by the State; therefore, the denial was vacated and the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-21603; the Hon. Brian Flaherty, Judge, presiding. |
| Judgment | Judgment vacated; cause remanded for further proceedings. |

Counsel on
Appeal

Michael J. Pelletier and Kieran M. Wiberg, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary P. Needham, and Stacy D. Weber, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Hall concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Dwayne Clemons, appeals the denial of his "MOTION FOR SPECIFIC PERFORMANCE OF PLEA AGREEMENT" (petition), which he filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). Defendant's sole contention on appeal is that the trial court acted prematurely by denying his petition within 30 days of its filing and service, pursuant to *People v. Laugharn*, 233 Ill. 2d 318 (2009). We agree, vacate the denial of defendant's petition, and remand for further proceedings.

¶ 2                              I. Background

¶ 3    Defendant had been charged with 12 counts of aggravated unlawful use of a weapon, 2 counts of unlawful use of a weapon by a felon, 2 counts of aggravated discharge of a firearm, and 1 count of aggravated assault, all relating to an October 26, 2009, incident. On March 4, 2010, defendant pled guilty to one count each of aggravated discharge of a firearm and unlawful use of a weapon by a felon and was sentenced to seven years' imprisonment on both charges. On that date he also pled guilty to a single charge of aggravated fleeing and eluding brought in a separate case and was sentenced to three years' imprisonment. The sentences were to be served concurrently.

¶ 4    On April 2, 2010, defendant filed a motion to withdraw his guilty plea through counsel. The motion contended that, at the time of defendant's plea, he did not fully understand that he was required to serve 85% of his sentence for aggravated discharge of a firearm. On April 12, 2010, defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code, seeking to vacate his sentence because the trial court erroneously had informed him that he "would serve the seven (7) year term of imprisonment at a *good-time rate of*

*50%*" (emphasis in original), rather than at a rate of 85%. On May 19, 2010, defendant appeared in court with counsel. The trial court, addressing defendant's motion to withdraw the plea, informed defendant: "If you do not understand it, I will let you withdraw your plea of guilty, and what's going to happen is that the State's Attorney is going to be reinstating all of the charges that they dismissed ***." Defendant told the trial court that he wished to withdraw his motion to vacate his plea. There is no evidence in the record on appeal as to the disposition of the section 2-1401 petition filed on April 12, 2010.

¶ 5        On June 11, 2010, defendant mailed a "MOTION FOR SPECIFIC PERFORMANCE OF PLEA AGREEMENT" to the clerk of the circuit court and to the office of the Cook County State's Attorney, which requested relief under section 2-1401 of the Code. The petition was file stamped on June 24, 2010. On appeal, the State has stated that it received notice of the petition. In his petition, defendant argued that he was deprived of due process because he had not been informed he would be required to serve 85% of his sentence and requested that his sentence be modified.

¶ 6        On July 1, 2010, the State was present in court at a hearing in which the trial court addressed the defendant's petition. The trial court *sua sponte* considered and denied the petition on that date, without hearing argument or evidence. The trial court stated:

> "The defendant negotiated a plea for seven years Illinois Department of Corrections. That's what he got. He got eighty-five percent, which he is saying I should have told him about, and that's not true. That's not required. So the motion is denied."

Defendant filed this timely appeal from the denial of his section 2-1401 petition.

¶ 7                                              II. Analysis

¶ 8        On appeal, defendant cites to *Laugharn*, contends that the trial court prematurely ruled upon his petition, and requests that the trial court's order be vacated and the case remanded. The State argues that the issues raised in the petition were ripe for adjudication because it was present in court when the trial court denied defendant's petition, and, therefore, it had an opportunity to challenge the petition.

¶ 9        Section 2-1401 establishes a procedure for seeking relief from judgments, in both criminal and civil cases, more than 30 days after their entry. 735 ILCS 5/2-1401 (West 2010); *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). In general, a section 2-1401 petition must be filed within two years of the entry of judgment. 735 ILCS 5/2-1401(c) (West 2010). The rules of civil practice govern proceedings under this section, even in criminal proceedings. *Vincent*, 226 Ill. 2d at 8. Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985) provides that a petitioner must notify all parties of the petition in accordance with Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989). The notice must inform the responding party that an answer to the petition is required to be filed within 30 days or a judgment of default may be entered. Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989); *Keener v. City of Herrin*, 235 Ill. 2d 338, 348-49 (2009).

¶ 10       "Section 2-1401 petitions are essentially complaints inviting responsive pleadings." *Vincent*, 226 Ill. 2d at 8. Thus, the responding party may move to dismiss the petition for failure to properly plead a claim for relief or because, on the face of the petition, it is clear that the petitioner is not entitled to the requested relief. *Id*. If the opposing party files an

answer to the petition without filing a motion attacking its sufficiency, any challenge to the sufficiency of the petition is waived and the petition will be treated by the trial and reviewing courts as having stated a claim. *Id*. However, "if the facts alleged cannot state a legal basis for the relief requested, *i.e.*, the petition is insufficient as a matter of law, the pleading may be challenged at any time, even on appeal." *Id*. at 8-9. The failure to file a responsive pleading "constitutes an admission of all well-pleaded facts [citation], and the trial court may decide the case on the pleadings, affidavits, exhibits and supporting material before it, including the record of the prior proceedings." *Id.* at 9. A trial court may dispose of a section 2-1401 petition in five possible ways: (1) dismiss the petition; (2) grant or deny the petition on the basis of the record as a matter of law; or (3) grant or deny relief after a hearing to resolve any factual disputes. *Id*.

¶ 11    The holdings in both *Vincent* and *Laugharn* guide our decision here. In *Vincent*, the defendant filed a section 2-1401 petition challenging his sentences as violating sections 5-8-4(a) and 5-8-4(c)(2) of the Unified Code of Corrections. *Id*. at 5; 730 ILCS 5/5-8-4(a), (c)(2) (West 1998)). The State did not file responsive pleadings within the 30 days allowed. *Vincent*, 225 Ill. 2d at 5. The trial court disposed of the petition by stating orally: "Jake Vincent. He's saying that it's a void judgment, and he wants me to vacate his sentence of a hundred years, and that will be denied." (Internal quotation marks omitted.) *Id*.

¶ 12    The supreme court framed the issue in *Vincent* as "whether a trial court may dispose of a properly served section 2-1401 petition without benefit of responsive pleadings and without giving the petitioner notice of the impending ruling and the opportunity to address the court prior to the ruling." *Id.* at 5. Before addressing this issue, the supreme court emphasized that a *sua sponte* dismissal of a section 2-1401 petition was not the same and could not be considered as a "summary dismissal" of a postconviction petition under the Post-Conviction Hearing Act (Act) (735 ILCS 5/122-2 *et seq.* (West 2002)). *Vincent*, 226 Ill. 2d at 6. The Act has no application to petitions filed pursuant to section 2-1401, which provide "an entirely different form of statutory, collateral relief" from criminal convictions and are subject to civil practice rules. *Id*. The court concluded that an understanding of this distinction would aid in orderly trial and appellate review of section 2-1401 petitions. *Id*.

¶ 13    The supreme court held that the State was not required to answer or otherwise respond to a section 2-1401 petition, but its failure to do so results in all well-pled facts being admitted. *Id*. at 10; see also *People v. Allen*, 377 Ill. App. 3d 938, 943 (2007) (The failure to respond "renders the petition ripe for adjudication as a matter of law."). The court held that "a trial court 'may dismiss a claim sua sponte *** without notice where the claimant cannot possibly win relief.' " *Vincent*, 226 Ill. 2d at 13 (quoting *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)). The supreme court found that the trial court's *sua sponte* decision to deny the petition did not deprive the defendant of an opportunity to be heard, in that his petition was filed and considered by the trial court and adequate methods of review existed to prevent an erroneous *sua sponte* termination of the section 2-1401 proceedings. *Id*. at 12-13.

¶ 14    The issues of ripeness and *sua sponte* determinations of section 2-1401 petitions were examined by the supreme court again in *Laugharn*. The defendant in that case filed a section 2-1401 petition on August 24, 2001, challenging her 1996 murder conviction. On September

2, 2004, the trial court *sua sponte* dismissed the petition as untimely because it was filed beyond the two-year filing period set forth in section 2-1401. *Laugharn*, 233 Ill. 2d at 321. The supreme court held:

> "The circuit court's *sua sponte* dismissal of defendant's petition before the conclusion of the usual 30-day period to answer or otherwise plead was premature and requires *vacatur* of the dismissal order. While *Vincent* allows for *sua sponte* dismissals of section 2-1401 petitions, it did not authorize such action prior to the expiration of the 30-day period. [Citation.] In *Vincent*, the State's failure to answer the petition within the time for doing so resulted in 'an admission of all well-pleaded facts,' which rendered the petition 'ripe for adjudication.' [Citation.]
>
> Laugharn's petition, in contrast, was not 'ripe for adjudication.' Only seven days had passed since its filing. The circuit court's dismissal short-circuited the proceedings and deprived the State of the time it was entitled to answer or otherwise plead." *Id.* at 323.

¶ 15    In this case, the trial court denied the defendant's petition *sua sponte* before the 30-day time to respond had expired. Under *Laugharn*, defendant's petition was not ripe for adjudication.

¶ 16    Nevertheless, on appeal, the State argues it appeared "in court on the petition and offered no objection" and, therefore, the petition was ripe for adjudication. We disagree.

¶ 17    "To determine whether an issue is ripe for adjudication, we are required to evaluate both the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration." *Cianci v. Safeco Insurance Co. of Illinois*, 356 Ill. App. 3d 767, 777 (2005). The State stood silent on the date the trial court *sua sponte* denied defendant's petition, less than 30 days after the petition's filing and service. However, a failure to respond to a section 2-1401 petition is of no import and does not frame the issues until after the 30-day time period to answer has passed and the responding party is in default. Once the State fails to file a response to the petition within the time allowed, the State may then be found in default and all well-pled facts contained in the petition will be deemed admitted. *Vincent*, 226 Ill. 2d at 14. As set forth in *Vincent*, the trial court may then review the petition and determine, based on the record, whether a claim exists as a matter of law. *Id.* at 10, 14. Mere silence on the part of the State, within the 30-day period allowed for it to respond to a defendant's section 2-1401 petition, does not render the petition ripe for adjudication. Furthermore, we can perceive of no real hardship to the parties if consideration of the petition takes place only after expiration of the 30-day time period to respond.

¶ 18                                    III. Conclusion

¶ 19    For the foregoing reasons, we must vacate the trial court's premature denial of defendant's petition and remand for further proceedings. We express no opinion on the merits of the substantive arguments raised by defendant in his petition.

¶ 20    Judgment vacated; cause remanded for further proceedings.