# Illinois Official Reports

## Appellate Court

---

### *Chuttke v. Fresen*, 2017 IL App (2d) 161018

---

| | |
|---|---|
| Appellate Court Caption | DIANA CHUTTKE, Plaintiff-Appellant, v. ADAM FRESEN and CADILLAC RANCH TEXAS BBQ & BOOT BAR, INC., Defendants (Cadillac Ranch Texas BBQ & Boot Bar, Inc., Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-16-1018 |
| Filed | September 25, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 11-L-591; the Hon. Robert G. Kleeman, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James W. Hanauer, of Wheaton, for appellant.<br><br>Matthew J. Morrissey, of Matthew J. Morrissey & Associates, Ltd., of Chicago, for appellee. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br>Justice Birkett concurred in the judgment and opinion.<br>Justice Jorgensen specially concurred, with opinion. |

**OPINION**

¶ 1      Plaintiff, Diana Chuttke, appeals an order of the circuit court of Du Page County reducing the damages awarded in her favor and against the defendant dramshop, Cadillac Ranch Texas BBQ & Boot Bar, Inc. (defendant), by the amount of the settlement that she received from the intoxicated driver, defendant Adam Fresen. We affirm.

¶ 2                                          I. BACKGROUND

¶ 3      On April 21, 2011, plaintiff was injured when an automobile driven by Fresen crossed into plaintiff's lane of traffic on northbound Route 355 in Du Page County and struck her automobile. Fresen had earlier become legally intoxicated at defendant's liquor establishment in Bartlett, Illinois. In an amended complaint, plaintiff sought compensatory and punitive damages against Fresen. Plaintiff also sued defendant for violation of the Dramshop Act (Act) (235 ILCS 5/6-21 (West 2014)).

¶ 4      On October 24, 2014, plaintiff settled her case against Fresen for $50,000,[1] and Fresen's insurer issued a check in that amount. On November 18, 2014, defendant filed an affirmative defense claiming that it was entitled to a setoff of $50,000 against any judgment entered against it.

¶ 5      On February 26, 2016, plaintiff and defendant stipulated that, if the matter proceeded to trial on plaintiff's dramshop claim, a jury would award plaintiff $61,151.30. The stipulation encompassed that the award represented the hypothetical jury's determination of the total amount of plaintiff's damages, without regard to the damages cap contained in section 6-21(a) of the Act (235 ILCS 5/6-21(a) (West 2014)) or the Fresen settlement. Plaintiff then asked the court to enter judgment in her favor for the full amount, while defendant asked the court to grant it a setoff in the amount of $50,000. On May 19, 2016, the court granted the setoff and entered judgment in plaintiff's favor and against defendant in the amount of $11,151.30. Plaintiff filed a timely appeal.

¶ 6                                          II. ANALYSIS

¶ 7      Plaintiff contends that defendant was not entitled to any setoff because (1) dramshop owners cannot seek indemnity from third-party tortfeasors and (2) the purpose of the Act is penal. In this context, the term " 'setoff' " refers to a defendant's request for a reduction of a damages award because a third party has already compensated the plaintiff for the same injury. *Thornton v. Garcini*, 237 Ill. 2d 100, 113 (2009). Whether a defendant is entitled to a setoff is a question of law, which we review *de novo*. *Thornton*, 237 Ill. 2d at 115-16.

¶ 8      The issue is whether the rule prohibiting a tort plaintiff from reaping a double recovery (see *Barkei v. Delnor Hospital*, 207 Ill. App. 3d 255, 264 (1990) (noting Illinois's "strong public policy" against double recovery)) must yield when one of the tortfeasors is liable to the plaintiff for damages under the Act.

¶ 9      A plaintiff injured by an intoxicated person has a right of action against any person who is licensed to sell alcoholic liquor and who causes the intoxication. 235 ILCS 5/6-21 (West

_____

[1]Fresen's automobile insurance policy excluded coverage for punitive damages, so the settlement proceeds represented compensatory damages.

2014); *Werner v. Nebal*, 377 Ill. App. 3d 447, 453 (2007). The Act was designed to give injured persons a substantial remedy. *Werner*, 377 Ill. App. 3d at 457. The legislature intended to inhibit the sale of liquor to the extent that it causes intoxication, and to that end, it imposed absolute liability. *Werner*, 377 Ill. App. 3d at 457. The Act's intent is to place responsibility for damages caused by intoxicating liquor on those who profit from its sale, and the Act should be liberally construed to protect the health, safety, and welfare of the people from the dangers of the traffic in liquor. *Graham v. United National Investors, Inc.*, 319 Ill. App. 3d 593, 597-98 (2001). The statute is penal and is to be strictly construed. *Camille v. Berry Fertilizers, Inc.*, 30 Ill. App. 3d 1050, 1053 (1975). However, the amount a plaintiff can recover is limited under the Act. 235 ILCS 5/6-21(a) (West 2014); *Thorsen v. City of Chicago*, 74 Ill. App. 3d 98, 110 (1979).[2]

¶ 10 We address the one-recovery rule in light of these principles. A plaintiff is entitled to only one recovery and only one satisfaction for her injuries, regardless of the number of causes of action advanced. *Readel v. Towne*, 302 Ill. App. 3d 714, 718 (1999). If a full setoff is denied, the plaintiff receives a double recovery for the same injury, which Illinois law precludes. *Readel*, 302 Ill. App. 3d at 718. In *Kurth v. Amee, Inc.*, 3 Ill. App. 3d 506, 509 (1972), this court held that the one-recovery principle applies to dramshop cases. We held that the proper procedure is to allow a jury deciding a dramshop case to assess a plaintiff's total damages without reference to any amounts already received in settlement from other tortfeasors and then reduce the verdict by such amounts. *Kurth*, 3 Ill. App. 3d at 509.

¶ 11 Plaintiff maintains that *Kurth* conflicts with the Act's penal purpose. *Kurth* was decided 45 years ago, yet the legislature has never amended the Act to provide that a judgment against a dramshop cannot be reduced by a recovery from another tortfeasor. See *Schmidt v. Illinois State Board of Elections*, 2016 IL App (4th) 160189, ¶ 25 (where the legislature fails to amend a statute after judicial interpretation, it is presumed that the legislature acquiesced in the court's construction).

¶ 12 Plaintiff also argues that *Kurth* was overruled by *Wessel v. Carmi Elks Home, Inc.*, 54 Ill. 2d 127 (1973). In *Wessel*, the sole issue was whether one who can incur liability for violation of the Act may seek indemnification from a third party who actively caused the plaintiff's injuries. *Wessel*, 54 Ill. 2d at 129. Our supreme court held that extending the right of indemnity would frustrate the disciplinary feature expressed in the Act. *Wessel*, 54 Ill. 2d at 131-32. The court also noted that indemnification would allow the liquor industry to escape the ultimate burden that the Act placed upon it. *Wessel*, 54 Ill. 2d at 129.

¶ 13 Plaintiff further relies on this court's decision in *Muranyi v. Turn Verein Frisch-Auf*, 308 Ill. App. 3d 213 (1999). In *Muranyi*, this court considered whether the collateral-source rule barred reduction of the plaintiff's recovery under the Act by insurance payments made through her husband's employer. *Muranyi*, 308 Ill. App. 3d at 215. The plaintiff sued the defendant under the Act, alleging that her husband, who became intoxicated after being served alcohol by the defendant, caused an accident. *Muranyi*, 308 Ill. App. 3d at 214. The plaintiff sought to recover the cost of her husband's medical care. *Muranyi*, 308 Ill. App. 3d at 214. The defendant argued that the plaintiff suffered no loss because the medical expenses had been reimbursed through health insurance carried by her husband's employer. *Muranyi*, 308 Ill.

---

[2]Although the parties stipulated that the hypothetical jury was not aware of the statutory cap, the damages award of $61,151.30 is the cap under section 6-21(a).

App. 3d at 214. Under the collateral-source rule, benefits that an injured party receives from a source independent of and collateral to the tortfeasor do not diminish the damages otherwise recoverable from the tortfeasor. *Muranyi*, 308 Ill. App. 3d at 215. Thus, the collateral-source rule is an exception to the policy against double recovery. *Muranyi*, 308 Ill. App. 3d at 220. In *Muranyi*, we held that the insurance payments were protected by the collateral-source rule, and we noted that it would be antithetical to the purposes of the Act to allow a tavern owner to decrease its already limited liability. *Muranyi*, 308 Ill. App. 3d at 219.

¶ 14        Neither *Wessel* nor *Muranyi* is applicable to our facts. Contrary to plaintiff's argument, indemnification is not the same as setoff. "Indemnity" is a common-law doctrine that shifts the entire responsibility from the party compelled to pay the plaintiff's loss to the party who is actually at fault. *Kerschner v. Weiss & Co.*, 282 Ill. App. 3d 497, 502 (1996). As noted above, " 'setoff' " refers to a defendant's request for reduction of a damages award because a third party has already compensated the plaintiff for the same injury. *Garcini*, 237 Ill. 2d at 113. Preventing the plaintiff from obtaining a double recovery does not shift the ultimate burden of responsibility away from the dramshop. *Wessel* did not address the issue of setoff so, consequently, it did not affect the rule announced in *Kurth*.

¶ 15        Additionally, the collateral-source rule is inapplicable to our facts because it protects collateral payments to, or benefits conferred on, the plaintiff by denying the defendant any corresponding offset or credit. See *Arthur v. Catour*, 216 Ill. 2d 72, 78 (2005). Such a benefit should not be shifted so as to become a windfall for the tortfeasor. *Arthur*, 216 Ill. 2d at 79. Here, plaintiff is not seeking to protect collateral payments. Consequently, *Muranyi* did not disturb the holding in *Kurth*.

¶ 16        Defendant relies on *Patton v. D. Rhodes, Ltd.*, 166 Ill. App. 3d 809 (1988). In *Patton*, the Fifth District of the Appellate Court followed *Kurth* and held that the dramshop award of $62,000 had to be reduced by the plaintiff's $100,000 settlement of her wrongful-death suit, leaving the plaintiff with a zero recovery. *Patton*, 166 Ill. App. 3d at 812. Here, plaintiff acknowledges the holding in *Patton*, but she argues that the court also declared that its holding was "flawed." The plaintiff in *Patton* argued that, to be entitled to a setoff, the dramshop defendants should have to establish that the compensation received from them was for elements of damage identical to those received in the wrongful-death settlement. *Patton*, 166 Ill. App. 3d at 812-13. The court said that the plaintiff raised "a problem to which this court sees no practical answer" because there was no way to determine how much of the wrongful-death settlement "went for each of the various elements of damage." *Patton*, 166 Ill. App. 3d at 813. Far from professing its holding "flawed," the court reaffirmed that the only "practical" and "judicial" procedure was to reduce the dramshops' liability by the amount of the wrongful-death settlement. *Patton*, 166 Ill. App. 3d at 813.

¶ 17        Nevertheless, plaintiff argues that "one of the elements of damages against the dram shop owner is penal in nature," which is a "very different element of damages than a cause of action based upon negligence." Plaintiff cites no authority for her position that the penal nature of the Act is an element of damages. It plainly is not. Section 6-21(a) of the Act provides that "[a]n action shall lie for injuries to either means of support or loss of society, but not both." 235 ILCS 5/6-21(a) (West 2014).

¶ 18        Plaintiff also follows a false trail laid down by *Patton*. We need not parse which elements of damages under the Act are identical to those in an action for common-law negligence because plaintiff's argument misses the mark. The accident that gave rise to plaintiff's causes

of action against Fresen and defendant inflicted a single injury for which she sustained a single, indivisible set of damages. See *Saichek v. Lupa*, 204 Ill. 2d 127, 129, 139 (2003) (passenger in a cab who was injured when the cab was rear-ended suffered a single set of injuries for which she sustained a single, indivisible set of damages, meaning that some of the injuries could not be attributed to one tortfeasor while others were traced to another tortfeasor). There may not be more than one recovery of damages for a single, indivisible injury. *Saichek*, 204 Ill. 2d at 140.

¶ 19　　　　The distinction between the injury a plaintiff suffers and the individual elements of damages that compensate for that injury is illustrated in *Vanoosting v. Sellars*, 2012 IL App (5th) 110365. In *Vanoosting*, the plaintiff was injured when the defendant rear-ended her vehicle. *Vanoosting*, 2012 IL App (5th) 110365, ¶ 3. The plaintiff sought damages for both pain and suffering and loss of a normal life. *Vanoosting*, 2012 IL App (5th) 110365, ¶ 3. The appellate court reversed the jury's verdict in favor of the defendant and remanded for a new trial where defense counsel erroneously argued to the jury that compensating the plaintiff for both elements of damages would be " 'double dipping.' " *Vanoosting*, 2012 IL App (5th) 110365, ¶¶ 26, 28. The appellate court noted that pain and suffering and loss of a normal life were separate elements of the one injury that the plaintiff had suffered. *Vanoosting*, 2012 IL App (5th) 110365, ¶ 26. Here, when plaintiff settled her claim against Fresen for $50,000, she was compensated for her single, indivisible injury. In our view, *Kurth* is the controlling authority, and the trial court properly granted defendant's motion for a setoff.

¶ 20　　　　In the end, all of plaintiff's arguments boil down to this: a dramshop owner should never be entitled to any setoff under any circumstances because of the penal nature of the Act. That argument is more properly suited for the legislature.

¶ 21　　　　　　　　　　　　　　　III. CONCLUSION
¶ 22　　　　For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 23　　　　Affirmed.

¶ 24　　　　JUSTICE JORGENSEN, specially concurring:
¶ 25　　　　I agree with the majority's opinion in its outcome and analysis. However, I write separately to emphasize two points. First, it is most significant that plaintiff stipulated that, if the complaint against this defendant had proceeded to trial before a hypothetical jury, the *total* verdict that the jury would have returned is $61,151.30. Thus, plaintiff has agreed that her total injury is $61,151.30 and, under *Kurth*, the law is clear that defendant is entitled to a setoff. Second, I underscore the majority's conclusion that, regardless of the merit of plaintiff's argument that the penal nature of dramshop damages should exclude them from a setoff, we are bound to follow and apply the law as it exists. Her plea for a punitive-damages exception is properly made to the legislature.